## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **AMANDA MORRISON** | |
| **Plaintiff,** | **Case No. 3:14-cv-223-JPG-SCW** |
| **v.** | |
| **ORGANON USA, INC., ORGANON PHARMACEUTICAL USA, INC. ORGANON INTERNATIONAL, INC., SCHERING-PLOUGH CORPORATION, AND MERCK & COMPANY, INC.,** | **JURY TRIAL DEMANDED ON ALL COUNTS** |
| **Defendants.** | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants

Organon USA, Inc., Organon Pharmaceuticals USA, Inc. LLC (f/k/a Organon Pharmaceuticals

USA, Inc.), Organon International, Inc., and Merck & Co., Inc. (f/k/a Schering-Plough

Corporation) (collectively "Defendants"), through undersigned counsel, hereby submit this

Notice of Removal of the above-captioned action from the Circuit Court of St. Clair County,

Illinois to the United States District Court for the Southern District of Illinois, and state as follows:

## GROUNDS FOR REMOVAL

1.      This is one of many lawsuits that have been filed in both federal and state

courts around the country concerning the pharmaceutical birth control product NuvaRing®.

On August 22, 2008, the Multi-District Litigation ("MDL") Panel issued its Order

establishing MDL Proceeding No. 1964, titled, *In re NuvaRing® Products Liability

Litigation.* The transfer order directed that the 11 actions that were the subject of the

original motions for coordinated treatment pursuant to 28 U.S.C. § 1407 be transferred for

1

coordinated pretrial proceedings in this District before the Honorable Rodney W. Sippel. *See In Re NuvaRing® Products Liability Litigation*, 572 F. Supp. 2d 1382 (J.P.M.L. 2008). There are currently more than 1,700 cases pending in the MDL.  Defendants seek the inclusion of this action in the MDL as well.

      2.      On or about January 13, 2014, plaintiff commenced this action against Defendants by filing a Complaint in the Circuit Court of the St. Clair County, Illinois, bearing Case No. 14-L-18.

      3.      As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendants have satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 and 1441.

## I.    MERCK HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

      4.      This removal is timely filed.  Defendants have not been served with the Complaint more than 30 days prior to this filing.  Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

      5.      Defendants attach hereto a copy of the complaint pursuant to 28 U.S.C. § 1446(a). *See* Exhibit 1.

      6.      No further proceedings have occurred in the state court action.

      7.      No previous application has been made for the relief requested herein.

      8.      Venue is proper for purposes of removal.  The Circuit Court of St. Clair County is located within the Southern District of Illinois, and, therefore, venue is proper in this Court pursuant to 28 U.S.C. § 93(c) because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

9.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for plaintiff and a copy is being filed with the Circuit Court of St. Clair County, Illinois.

## II.   REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

10.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

### A.   There is Complete Diversity of Citizenship.

11.     Plaintiff is now, and was at the time of filing the Complaint, a citizen of the state of Virginia.  (Complaint ¶ 2.)

12.     Defendant Organon USA Inc. is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the state of New Jersey with its principal place of business in New Jersey and, therefore, is a citizen of New Jersey for purposes of determining diversity.  28 U.S.C. § 1332(c)(1).  Defendant Organon International Inc. is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the state of Delaware with its principal place of business in New Jersey, and, therefore, is a citizen of Delaware and New Jersey for purposes of determining diversity.  Defendant Organon Pharmaceuticals USA Inc. LLC was, until December 31, 2011, a limited liability company organized under the laws of the state of Delaware, with its principal place of business in New Jersey.  The sole member of Organon Pharmaceuticals USA Inc. LLC was, at all relevant times, Organon USA Inc., a corporation organized under the laws of the state of New Jersey, with its principal place of business in New Jersey.  *See Johnson v. Columbia Prop. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (an LLC's citizenship is determined by the citizenship of its members).  On December

31, 2011, Organon Pharmaceuticals USA Inc. LLC merged with and into Organon USA Inc., its

sole member, with Organon USA Inc. being the surviving entity.  Thus, Organon

Pharmaceuticals USA Inc. LLC was a citizen of New Jersey and the surviving entity Organon

USA Inc. is a citizen of New Jersey for purposes of determining diversity.  *See* 28 U.S.C. §

1332(c)(1).  Defendant Merck & Co., Inc. (f/k/a Schering-Plough Corporation) is, and was at the

time Plaintiff commenced this action, a corporation organized under the laws of the state of New

Jersey with its principal place of business in New Jersey, and, therefore, is a citizen of New

Jersey for purposes of determining diversity.

13.    Hence, there is complete diversity between the plaintiff and Defendants.

14.    In addition, no Defendant is a citizen of the state in which this action was brought.

**B.    The amount in controversy requirement is satisfied.**

15.    Where a state permits recovery above the amount demanded, removal of an action

is proper if the district court finds by a preponderance of the evidence that the amount in

controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1446(c)(2)(B).  Here, it

is apparent from the face of the Complaint that plaintiff seeks recovery of an amount in excess of

$75,000.

16.    In accordance with Illinois law, *see* 735 ILCS § 5/2-604, plaintiff's Complaint

does not allege a specific dollar amount plaintiff is seeking in damages, but instead indicates

only that "Plaintiff demands judgment in her favor…in such an amount in excess of this Court's

jurisdictional requisite…" (*See, e.g.,* Complaint ¶¶ 50, 58, 66, 74).  The jurisdictional minimum

for removal is satisfied when it is "obvious from a common-sense reading of the complaint that"

plaintiff is "seeking in excess of $75,000 in damages."  *McCoy v. General Motors Corp.*, 226 F.

Supp. 2d 939, 941 (N.D. Ill. 2002).  This "common-sense" test is satisfied in personal injury

cases "when plaintiffs allege serious, permanent injuries and significant medical expenses." *Id.* at 941. *See, e.g.*, *Walton v. Bayer Corp.*, 643 F.3d 994, 998 (7th Cir. 2011) (Posner, J.) (holding that jurisdictional minimum for removal was satisfied in prescription drug product liability case where plaintiff's complaint alleged a "litany of injuries," including "thromboembolic events"); *Kancewick v. Howard*, 2008 WL 4542970, *3 (N.D. Ill. April 3, 2008) (holding that jurisdictional minimum for removal was satisfied where complaint in auto tort case alleged plaintiff "suffered severe and permanent injuries of a personal and pecuniary nature").

17.     It is "obvious from a common-sense reading of the complaint" in this case that the plaintiff is alleging damages in excess of $75,000.  Plaintiff brings numerous causes of action in strict liability, negligence, breach of warranties, negligent and fraudulent misrepresentation, and common law fraud for which she is seeking personal and economic damages.  (Complaint, Counts I-XLV).  Plaintiff also alleges gross negligence and malice.  (Complaint, Counts XLVI-LIX).

18.     Plaintiff alleges that she "suffered several physical, economical and emotional injuries as a result of the NuvaRing contraceptive, including but not limited to one or more of thrombic clotting problems, thromboses [sic], embolisms, deep vein thrombosis, and/or pulmonary embolism." (Complaint ¶ 2).  Plaintiff further alleges that she "has been compelled and/or will in the future will [sic] be compelled to incur obligations as and for physicians, surgeons, nurses, hospital care, medicine, hospices, x-rays, medical supplies and other medical treatment…" *Id.* at ¶ 36.  She also claims that she "has and/or in the future will have incurred, loss of income, wages, profits and commissions, a dminishment of earning potential, and other pecuniary losses." *Id.* at ¶ 37.  Plaintiff claims "great pain and suffering." *Id.* at ¶ 38.

19.     If liability is established, compensatory damages in excess of the jurisdictional amount of $75,000 have been awarded in products liability claims in Illinois where, as here, the plaintiff alleges serious injuries.  *See, e.g., Hansen v. Baxter Healthcare Corp.,* 198 Ill. 2d 420, 439 (Ill. 2002); *Proctor v. Upjohn,* 291 Ill. App. 3d 265, 287 (Ill. App. 1997); *Kochan v. Owens-Corning Fiberglass Corp.,* 242 Ill. App. 3d 781, 810 (Ill. App. 1993).  Moreover, cases alleging personal injuries due to prescription drugs routinely result in awards in excess of $75,000.  *See e.g.*, *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (finding that a complaint alleging various injuries from taking a prescription drug "obviously asserts a claim exceeding $75,000").

20.     Thus, based on plaintiff's allegations of serious injuries and additional request for punitive damages, the finder of fact could easily conclude that each plaintiff is entitled to damages in excess of $75,000, and Defendants have met their burden of showing that the jurisdictional amount is satisfied.  *See Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 429 (7th Cir. 1997); *Hansen*, 198 Ill. 2d at 439; *Proctor*, 291 Ill. App. 3d at 287; *Kochan*, 242 Ill. App. 3d at 810.

21.     Other federal courts have similarly concluded that the amount in controversy exceeded $75,000 in pharmaceutical cases. *See e.g., Walker v. Casey's General Stores, Inc.*, No. 07-3229, 2008 U.S. Dist. LEXIS 5886, *4-5 (C.D. Ill. 2008); *Sandage v. Cottrell, Inc.*, No. 05-cv-0720-MJR, 2006 U.S. Dist. LEXIS 67419, at *8 (S.D. Ill. Sept. 20, 2006); *Smith v. Wyeth, Inc.,* 488 F. Supp. 2d 625, 630-31 (W.D. Ky. 2007); *Copley v. Wyeth, Inc.,* No. 09-722, 2009 WL 1089663 (E.D. Pa. Apr. 22, 2009).

22.     Accordingly, plaintiff's claims and requests for damages exceed the amount in controversy requirement of $75,000, exclusive of interest and costs.

WHEREFORE, Defendants respectfully remove this action from the Circuit Court of the

City of St. Clair County, Illinois, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted,

BRYAN CAVE LLP

By: ___ /s/  *Stephen G. Strauss* _____
Dan H. Ball, #06192613
dhball@bryancave.com
Stephen G. Strauss, #06278807
sgstrauss@bryancave.com
211 N. Broadway, Suite 3600
St. Louis, MO 63102
(314) 259-2000 (telephone)
(314) 259-2020 (facsimile)

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of February, 2014, a copy of the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system on the following counsel of record.

John J. Driscoll
The Driscoll Firm, P.C.
211 N. Broadway 40th Floor
St. Louis, MO 63102

*Attorney for Plaintiff*

_____/s/  Stephen G. Strauss_____