**IN THE CIRCUIT COURT**
**TWENTIETH JUDICIAL CIRCUIT**
**ST. CLAIR COUNTY, ILLINOIS**

| | | |
|---|---|---|
| AMANDA MORRISON, | ) | |
| | ) | |
| Plaintiff, | ) | Case #14-L-18 |
| | ) | |
| vs. | ) | |
| | ) | |
| ORGANON USA, INC., | ) | |
| ORGANON PHARMACEUTICAL USA, INC., | ) | |
| ORGANON INTERNATIONAL, INC., | ) | |
| SCHERING-PLOUGH CORPORATION, AND | ) | |
| MERCK & COMPANY, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COME NOW the Plaintiff, by and through her attorneys, The Driscoll Firm PC and for their Complaint against ORGANON USA, INC., ORGANON PHARMACEUTICAL USA, INC., ORGANON INTERNATIONAL, INC., SCHERING-PLOUGH CORPORATION, and MERCK & COMPANY, INC. ("Defendants") and allege as follows:

1.     This action is brought by Plaintiffs seeking damages for personal injuries and economic damages suffered as a result of a defective and dangerous pharmaceutical product, the NuvaRing® vaginal contraceptive ring, which was manufactured, marketed, distributed and/or sold by Defendants.

## PARTIES

**EXHIBIT 1**

A.      **PLAINTIFF**

2.      Plaintiff AMANDA MORRISON is a natural person currently residing in Virginia. Plaintiff was prescribed and used NuvaRing.  Plaintiff suffered several physical, economic and emotional injuries as a result of the NuvaRing contraceptive, including but not limited to one or more of thrombic clotting problems, thomboses, embolisms, deep vein thrombosis, and/or pulmonary embolism.

B.      DEFENDANTS

3.      Defendant ORGANON USA, INC., is a pharmaceutical company engaged in the business of creating, manufacturing, marketing, distributing, labeling, researching, developing and selling medicines in the field of women's health, including the NuvaRing. Defendant ORGANON USA, INC., is or at pertinent time was a wholly owned subsidiary of Defendants AKZO NOBEL NV and ORGANON BIOSCIENCES NV. Defendant ORGANON USA, INC., is not registered with the Illinois Secretary of State and in accordance with Illinois and Federal Law may be served by and through its Agent for Service of Process by serving The Corporation Trust Company, 820 Bear Tavern Road, West Trenton, New Jersey 08628.

4.      Defendant ORGANON PHARMACEUTICALS USA, INC., is a corporation authorized to and actually transacting business in the State of New Jersey, with its principal place of business in New Jersey. Defendant ORGANON PHARMACEUTICALS USA, INC., is a pharmaceutical company engaged in the business of creating, manufacturing, marketing, distributing, labeling, researching, developing and selling medicines in the field of women's health, including the NuvaRing. Defendant ORGANON PHARMACEUTICALS USA, INC., is or at pertinent time was a wholly owned subsidiary and a pharmaceutical business unit of AKZO NOBEL NV and ORGANON BIOSCIENCES NV. Defendant ORGANON

PHARMACEUTICALS USA, INC., is not registered with the Illinois Secretary of State and in accordance with Illinois and Federal Law may be served by and through its Agent for Service of Process by serving The Corporation Trust Company, 820 Bear Tavern Road, West Trenton, New Jersey 08628.

5.     Defendant ORGANON INTERNATIONAL, INC., is a corporation authorized and actually transacting business in the State of New Jersey, with its principal place of business in New Jersey. Defendant ORGANON INTERNATIONAL, INC., is a pharmaceutical company engaged in the business of creating, manufacturing, marketing, distributing, labeling, researching, developing and selling medicines in the field of women's health, including the NuvaRing. Defendant ORGANON INTERNATIONAL, INC., is or at pertinent time was a wholly owned subsidiary and a pharmaceutical business unit of AKZO NOBEL NV. Defendant ORGANON INTERNATIONAL, INC., is not registered with the Illinois Secretary of State and in accordance with Illinois and Federal Law may be served by and through its Agent for Service of Process by serving The Corporation Trust Company, 820 Bear Tavern Road, West Trenton, New Jersey 08628.

6.     In 2008, Defendant SCHERING-PLOUGH CORPORATION acquired ORGANON PHARMACEUTICALS USA, INC., and caused it to be dissolved as a corporation, and made it a subsidiary. In so doing, Defendant SCHERING-PLOUGH CORPORATION assumed the liabilities of ORGANON PHARMACEUTICALS USA, INC. Upon information and belief, ORGANON PHARMACEUTICALS USA, INC., was the United States pharmaceutical arm of Defendant ORGANON INTERNATIONAL, INC. Until dissolution ORGANON PHARMACEUTICALS USA, INC., was engaged in the business of designing, licensing, manufacturing, distributing, packaging, selling, marketing, and/or introducing into

interstate commerce, either directly or indirectly through third parties or related entities, the prescription drug, NuvaRing. Upon information and belief, ORGANON PHARMACEUTICALS USA, INC., was at all times relevant to this Complaint part of the AKZO NOBEL NV business unit of Organon. Defendant SCHERING-PLOUGH CORPORATION expressly and/or impliedly assumed the liabilities and obligations of Defendants ORGANON USA, INC., and ORGANON INTERNATIONAL, INC., including the injuries and damages associated with NuvaRing and alleged herein. Defendant SCHERING-PLOUGH CORPORATION is not registered with the Illinois Secretary of State and in accordance with Illinois and Federal Law may be served by and through its Agent for Service of Process by serving The Corporation Trust Company, 820 Bear Tavern Road, West Trenton, New Jersey 08628.

7.      Defendant MERCK & COMPANY, INC., ("Defendant MERCK & CO., INC.") is a New Jersey corporation organized, existing and conducting business in the State of New Jersey with its principal place of business at 2000 Galloping Hill Road, Kenilworth, New Jersey 07033. On or about November 2009, Defendant MERCK & CO., INC., completed the acquisition and merger with SCHERING-PLOUGH CORPORATION and upon further information and belief expressly and/or impliedly assumed the liabilities of both SCHERING-PLOUGH CORPORATION and the named ORGANON Defendants for the injuries and damages alleged herein resulting from Plaintiffs' use of NuvaRing. Therefore, Defendant MERCK & CO., INC., is liable as a successor in interest and/or successor corporation for the liabilities and obligations of Defendants ORGANON USA, INC., ORGANON PHARMACEUTICAL USA, INC., ORGANON INTERNATIONAL, INC., and SCHERING-PLOUGH CORPORATION as alleged by the Plaintiffs. Additionally, and/or alternatively, since MERCK & CO., INC., acquired SCHERING-PLOUGH CORPORATION via merger, the

actions of Defendant SCHERING-PLOUGH CORPORATION are the actions of Defendant MERCK & CO., INC., under the legal and factual implications of a merger of corporations. Thus, when Plaintiffs assert that "Defendants" acted, these assertions include Defendant MERCK & CO., INC., through the legal doctrine of merger of corporations and/or successor in interest. Defendant MERCK & CO., INC., is registered with the Illinois Secretary of State and may be served by and through its Agent for Service of Process by serving CT Corporation System, 208 South LaSalle St., Suite 814, Chicago, Illinois 60604.

## <u>JURISDICTION AND VENUE</u>

8.      Consistent with the Due Process Clause of the Fifth and Fourteenth Amendments, this Court has in personam jurisdiction over the Defendants, because Defendants are present in the State of Illinois such that requiring an appearance does not offend traditional notions of fair play and substantial justice.

9.      This Court has personal jurisdiction over the Defendants, pursuant to, and consistent with, Illinois' long-arm statute (735 ILCS 5/2-209) and the Constitutional requirements of Due Process in that the Defendants acting through their agents or apparent agents, committed one or more of the following:

a.      Defendants transacted business in the State of Illinois, 735 ILCS 5/2-209(a)(1);

b.      Defendants owned, used or possessed real estate situated in the State of Illinois, 735 ILCS 5/2-209(a)(3);

c.      Defendants made or performed a contract or promise substantially connected within this state, 735 ILCS 5/2-209(a)(7);

d.      Defendants do business in and within Illinois, 735 ILCS 5/2-209(b)(4);  and

e.      Requiring Defendants to litigate this claim in Illinois does not offend traditional notions of fair play and substantial justice and is permitted by the United States Constitution.

10.     Defendants marketed, promoted, and sold the NuvaRing concerned in this litigation throughout the United States, including St. Clair County, Illinois.  Accordingly venue is proper under 735 ILCS 5/1-108 and 2-101 of the Illinois Code of Civil procedure.

## FACTS

11.     The NuvaRing, also herein referred to as the "Product," is a contraceptive ring, which contains two hormones, estrogen and progestin, marketed to prevent pregnancy.

12.     Defendants developed, tested, marketed and promoted the Product.

13.     Defendants sought in 1999, and obtained in 2001, permission from the United States Food and Drug Administration ("FDA") to market the NuvaRing.

14.     Defendants also marketed the Product in many foreign countries, some before the approval in the United States.

15.     Defendants first sold and promoted the Product in the United States in 2002.

16.     Defendants departed from and failed to meet requirements of FDA laws, regulations and class and product specific requirements including:

a.      did not promptly and fully inform FDA of all safety studies done before and after marketing the Product; and

b.      did not promptly and fully inform FDA of all thrombotic side effects reported to them.

17.     Defendants failed to do Phase IV post-marketing studies on safety of the Product as promised to the FDA and as dictated by good pharmaceutical science standards.

18.     Defendants exceeded initial approval of 21 CFR 314.81 (b)( 1) and Form FDA-2253, and promoted off label uses which were beyond label approval, covertly and overtly.

19.     Defendants used and acquiesced in the FDA's use of, information, warnings, adverse reaction data, and contraindications, which had been developed for oral contraceptives containing hormones, when it was dictated by good pharmaceutical science practice and permissible under FDA rules and regulations to create specific labeling for its product, especially considering that the delivery route and therefore the metabolism of the hormones were different than that consumed orally.

20.     Defendants over-promoted the Product, together with under-warning about its risks, including:

      a.     in print advertising;

      b.     on their website, NuvaRing.com, and pages therein including Club Nuva;

      c.     websites and blogs which did not comply with FDA requirements regarding warnings and allowed and encouraged those websites and blogs to link to its pages;

      d.     promoted the Product for uses other than contraception, in violation of its approval;

      e.     advertised to users that use of its Product was "safe" when it was not and Defendants knew it was not, including in 2005 placing on its website a statement by a physician that the Product was safe, thereby adopting that statement;

      f.     promoted the Product to doctors, clinics and users as safer than other hormonal contraceptives on the basis that it contained lower estrogen,

intentionally distracting them from the increased risks from the high dosage of a dangerous third generation progestin; and

g.      instructed their detail personnel to tell health care professionals to stress the low estrogen and steer questions and discussions away from the high dosage of a dangerous third generation progestin.

21.     Defendants made false, deceptive and misleading statements, including:

a.      represented that the side effect risks of the use of the Product were the same as and not greater than that of the use of oral contraceptives;

b.      stated that it was unknown whether the risk of venous thromboembolism on the NuvaRing was different from second generation oral contraceptives;

c.      advertised that the Product has a low incidence of side effects;

d.      stated that risks of clots may be greater with the progestin it used in its Product than other progestins, whereas it knew it was greater based upon scientific studies;

e.      stated that it was unknown if risk of clots is different with its Product compared to certain birth control pills, whereas based upon scientific studies it knew it was;

f.      did not inform prescribers and users that studies which it had done showed that factors predisposing to clotting increased, including, but not limited to, factor V Leiden deficiency, protein C, protein S, and anti-thrombin III, and that there was an activation of platelet cascading; and;

g.      concealed from prescribers and users that in clinical investigation of the Product, one user developed a deep vein thrombosis and that this showed an

increased risk of thromboembolism over baseline studies for hormonal contraceptives.

22.     Defendants did not perform adequate safety testing on etonogestrel as required by good pharmaceutical science practice.

23.     Defendants relied on data about safety from oral contraceptives, which are different fundamentally in metabolism from vaginal application.

24.     Defendants adopted a delivery system which allows release of hormones in greater amounts than represented, both over time and at any one time, thereby increasing the risk of thrombotic side effects, and thereby falsely stated that amount of progestin delivered per day for three weeks of use of its product was only 0.120 mg and the amount of estrogen delivered was only .015mg.

25.     Defendants failed to provide proper and full information as to the safety of the NuvaRing.

26.     Defendants failed to ensure that full and correct safety labeling and warnings were used in pharmacy sheets that accompanied the Product to the purchaser.

27.     Defendants and their agents overtly and covertly encouraged health care providers to prescribe the Product for off-label use such uses as hormone replacement, hormonal therapy for conditions other than contraception and continued use of the product to avoid menstruation.

28.     Defendants have never sought to enlarge their warnings about thrombotic risks associated with the use of the Product.

29.     Instead, Defendants marketed (and continue to market) NuvaRing as having a low risk of side effects and continues to minimize the Product's side effects by focusing on the

incidence of minor side effects, stating, "With NuvaRing there is a low incidence of side effects, such as headaches, nausea, and breast tenderness."

30.     Manufacturers such as the Defendants, herein, are required to have systems in place to collect and analyze any complaints they receive from doctors and hospitals about their devices.

31.     Defendants did not timely apprise the FDA, the public nor treating physicians of the defect(s) in Defendants' Product, despite Defendants' knowledge that injuries had occurred and been reported to Defendants due to the above-described defects.

32.     At all times mentioned herein, Defendants knew, or in the exercise of reasonable care should have known, that the aforesaid Products were of such a nature that they were not properly designed, manufactured, tested, inspected, packaged, labeled, distributed, marketed, examined, sold, supplied, prepared and/or provided with proper warnings, were not suitable for the purpose they were intended and were unreasonably likely to injure the Products' users.

33.     Plaintiff, and her prescribing health care providers were unaware of the true degree and incidence of the clotting risks of the use of the NuvaRing and would have used and prescribed other methods for birth control if they had been so informed.

34.     Users of the NuvaRing sustained various types of thrombic clotting problems, thromboses and embolisms, in their veins and arteries, including such conditions as deep vein thrombosis, and pulmonary embolism.. They have suffered from severe and personal injuries which are permanent and lasting in nature, including death, physical pain and mental anguish, including diminished enjoyment of life, a future of high risk pregnancies, any and all life complications created by their inability to use any form of prescription contraception for the

duration of their lives, as well as the need for lifelong medical treatment, monitoring and/or medications, and fear of developing any of the above named health consequences.

35.     As a direct and proximate result of the aforesaid conduct of Defendants and each of them as set forth hereinafter, Plaintiff suffered injuries, including, but not limited to, thrombic clotting problems, thomboses, embolisms, deep vein thrombosis, pulmonary embolism, all to Plaintiffs' damage in the sum in excess of the jurisdictional limits of this Court.

36.     As a direct and proximate result of the aforesaid conduct of the Defendants, and each of them, Plaintiff has been compelled and/or will in the future will be compelled to incur obligations as and for physicians, surgeons, nurses, hospital care, medicine, hospices, x-rays, medical supplies and other medical treatment, the true and exact amount thereof being unknown to Plaintiff at this time, and Plaintiff prays leave to amend this complaint accordingly when the true and exact cost thereof is ascertained.

37.     As a further direct and proximate result of the said conduct of the Defendants, and each of them, Plaintiff has and/or in the future will have incurred, loss of income, wages, profits and commissions, a diminishment of earning potential, and other pecuniary losses, the full nature and extent of which are not yet known to Plaintiff; and leave is requested to amend this complaint to conform to proof at the time of trial.

38.     By reasons of the premises, Plaintiff has been caused great pain and suffering.

## COUNT I

## ORGANON USA, INC. - STRICT PRODUCT LIABILITY

### (Failure to Warn)

39.     Plaintiff repeats and re-alleges the allegations set forth in the paragraphs above as if fully set forth herein.

40.     The NuvaRing manufactured and/or supplied by Defendant ORGANON USA, INC., was unaccompanied by proper warnings regarding all possible adverse side-effects and the comparative severity and duration of such adverse effects;  the warnings given did not accurately reflect the severity or duration of the adverse side effects or the true potential and/or likelihood or rate of the side effects.  Defendant ORGANON USA, INC., failed to perform adequate testing in that adequate testing would have shown that NuvaRing possessed serious potential side effects with respect to which full and proper warnings accurately and fully reflecting symptoms, scope and severity should have been made with respect to the use of NuvaRing.  Had the testing been adequately performed, the product would have been allowed to enter the market, if at all, only with warnings that would have clearly and completely identified the risks and dangers of the drug.

41.     The NuvaRing manufactured and/or distributed and/or supplied by Defendant ORGANON USA, INC., was defective due to inadequate post-marketing warning or instruction because Defendant ORGANON USA, INC., failed to provide adequate warnings to users or consumers of NuvaRing and continued to aggressively promote it.

42.     As the proximate cause and legal result of the defective condition of NuvaRing as manufactured and/or supplied and/or distributed by Defendant ORGANON USA, INC., and as a direct and legal result of the conduct of Defendant described herein, Plaintiff has been damaged.

WHEREFORE, the Plaintiff demands judgment in her favor and against Defendant ORGANON USA, INC., in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate for the losses herein alleged.

## COUNT II

## ORGANON PHARMACEUTICAL USA, INC. - STRICT PRODUCT LIABILITY

## (Failure to Warn)

43.     Plaintiff repeats and re-alleges the allegations set forth in the paragraphs above as if fully set forth herein.

44.     The NuvaRing manufactured and/or supplied by Defendant ORGANON PHARMACEUTICAL USA, INC., was unaccompanied by proper warnings regarding all possible adverse side-effects and the comparative severity and duration of such adverse effects; the warnings given did not accurately reflect the severity or duration of the adverse side effects or the true potential and/or likelihood or rate of the side effects.  Defendant ORGANON PHARMACEUTICAL USA, INC., failed to perform adequate testing in that adequate testing would have shown that NuvaRing possessed serious potential side effects with respect to which full and proper warnings accurately and fully reflecting symptoms, scope and severity should have been made with respect to the use of NuvaRing.  Had the testing been adequately performed, the product would have been allowed to enter the market, if at all, only with warnings that would have clearly and completely identified the risks and dangers of the drug.

45.     The NuvaRing manufactured and/or distributed and/or supplied by Defendant ORGANON PHARMACEUTICAL USA, INC., was defective due to inadequate post-marketing warning or instruction because Defendant ORGANON PHARMACEUTICAL USA, INC., failed to provide adequate warnings to users or consumers of NuvaRing and continued to aggressively promote it.

46.     As the proximate cause and legal result of the defective condition of NuvaRing as manufactured and/or supplied and/or distributed by Defendant ORGANON PHARMACEUTICAL USA, INC., and as a direct and legal result of the conduct of Defendant described herein, Plaintiffs have been damaged.

WHEREFORE, the Plaintiff demands judgment in her favor and against Defendant ORGANON PHARMACEUTICAL USA, INC., in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate for the losses herein alleged.

## COUNT III

## ORGANON INTERNATIONAL, INC. - STRICT PRODUCT LIABILITY

### (Failure to Warn)

47.     Plaintiff repeats and re-alleges the allegations set forth in the paragraphs above as if fully set forth herein.

48.     The NuvaRing manufactured and/or supplied by Defendant ORGANON INTERNATIONAL, INC., was unaccompanied by proper warnings regarding all possible adverse side-effects and the comparative severity and duration of such adverse effects;   the warnings given did not accurately reflect the severity or duration of the adverse side effects or the true potential and/or likelihood or rate of the side effects.   Defendant ORGANON INTERNATIONAL, INC., failed to perform adequate testing in that adequate testing would have shown that NuvaRing possessed serious potential side effects with respect to which full and proper warnings accurately and fully reflecting symptoms, scope and severity should have been made with respect to the use of NuvaRing.   Had the testing been adequately performed, the product would have been allowed to enter the market, if at all, only with warnings that would have clearly and completely identified the risks and dangers of the drug.

49.     The NuvaRing manufactured and/or distributed and/or supplied by Defendant ORGANON INTERNATIONAL, INC., was defective due to inadequate post-marketing warning or instruction because Defendant ORGANON INTERNATIONAL, INC., failed to provide adequate warnings to users or consumers of NuvaRing and continued to aggressively promote it.

50.     As the proximate cause and legal result of the defective condition of NuvaRing as manufactured and/or supplied and/or distributed by Defendant ORGANON INTERNATIONAL, INC., and as a direct and legal result of the conduct of Defendant described herein, Plaintiff has been damaged.

WHEREFORE, the Plaintiff demands judgment in her favor and against Defendant ORGANON INTERNATIONAL, INC., in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate for the losses herein alleged.

<u>COUNT IV</u>

<u>SCHERING-PLOUGH CORPORATION - STRICT PRODUCT LIABILITY</u>

<u>(Failure to Warn)</u>

51.     Plaintiff repeats and re-alleges the allegations set forth in the paragraphs above as if fully set forth herein.

52.     The NuvaRing manufactured and/or supplied by Defendant SCHERING-PLOUGH CORPORATION was unaccompanied by proper warnings regarding all possible adverse side-effects and the comparative severity and duration of such adverse effects;  the warnings given did not accurately reflect the severity or duration of the adverse side effects or the true potential and/or likelihood or rate of the side effects.  Defendant SCHERING-PLOUGH CORPORATION failed to perform adequate testing in that adequate testing would have shown that NuvaRing possessed serious potential side effects with respect to which full and proper warnings accurately and fully reflecting symptoms, scope and severity should have been made with respect to the use of NuvaRing.  Had the testing been adequately performed, the product would have been allowed to enter the market, if at all, only with warnings that would have clearly and completely identified the risks and dangers of the drug.

53.     The NuvaRing manufactured and/or distributed and/or supplied by Defendant SCHERING-PLOUGH CORPORATION was defective due to inadequate post-marketing warning or instruction because Defendant SCHERING-PLOUGH CORPORATION failed to provide adequate warnings to users or consumers of NuvaRing and continued to aggressively promote it.

54.     As the proximate cause and legal result of the defective condition of NuvaRing as manufactured and/or supplied and/or distributed by Defendant SCHERING-PLOUGH CORPORATION and as a direct and legal result of the conduct of Defendant described herein, Plaintiff has been damaged.

WHEREFORE, the Plaintiff demands judgment in her favor and against Defendant SCHERING-PLOUGH CORPORATION in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate for the losses herein alleged.

## COUNT V

## MERCK & CO., INC. - STRICT PRODUCT LIABILITY

### (Failure to Warn)

55.     Plaintiff repeats and re-alleges the allegations set forth in the paragraphs above as if fully set forth herein.

56.     The NuvaRing manufactured and/or supplied by Defendant MERCK & CO., INC., was unaccompanied by proper warnings regarding all possible adverse side-effects and the comparative severity and duration of such adverse effects;  the warnings given did not accurately reflect the severity or duration of the adverse side effects or the true potential and/or likelihood or rate of the side effects.  Defendant MERCK & CO., INC., ailed to perform adequate testing in that adequate testing would have shown that NuvaRing possessed serious potential side effects

with respect to which full and proper warnings accurately and fully reflecting symptoms, scope and severity should have been made with respect to the use of NuvaRing. Had the testing been adequately performed, the product would have been allowed to enter the market, if at all, only with warnings that would have clearly and completely identified the risks and dangers of the drug.

57.     The NuvaRing manufactured and/or distributed and/or supplied by Defendant MERCK & CO., INC., was defective due to inadequate post-marketing warning or instruction because Defendants failed to provide adequate warnings to users or consumers of NuvaRing and continued to aggressively promote it.

58.     As the proximate cause and legal result of the defective condition of NuvaRing as manufactured and/or supplied and/or distributed by Defendant MERCK & CO., INC., and as a direct and legal result of the conduct of Defendant described herein, Plaintiff has been damaged.

WHEREFORE, the Plaintiff demands judgment in her favor and against Defendant MERCK & CO., INC., in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate for the losses herein alleged.

## COUNT VI

## ORGANON USA, INC. - STRICT PRODUCT LIABILITY

### (Manufacturing Defect)

59.     Plaintiff repeats and re-alleges the allegations set forth in the paragraphs above as if fully set forth herein.

60.     At all times herein mentioned, Defendant's ORGANON USA, INC., NuvaRings were prescribed and used as intended by Defendant ORGANON USA, INC., and in a manner reasonably foreseeable to Defendant ORGANON USA, INC.

61.     The NuvaRings were defective at the time of their manufacture, development, production, testing, inspection, endorsement, prescription, sale and distribution, and at the time they left the possession of Defendant ORGANON USA, INC., in that, and not by way of limitation, the products differed from the Defendant's ORGANON USA, INC., intended result and intended design and specifications, and from other ostensibly identical units of the same product line.

62.     As the proximate cause and legal result of the defective condition of NuvaRing as manufactured and/or supplied and/or distributed by Defendant ORGANON USA, INC., and as a direct and legal result of the conduct of Defendant described herein, Plaintiff has been damaged.

WHEREFORE, the Plaintiff demands judgment in her favor and against Defendant ORGANON USA, INC., in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate for the losses herein alleged.

## COUNT VII

## ORGANON PHARMACEUTICAL USA, INC. - STRICT PRODUCT LIABILITY
### (Manufacturing Defect)

63.     Plaintiff repeats and re-alleges the allegations set forth in the paragraphs above as if fully set forth herein.

64.     At all times herein mentioned, Defendant's ORGANON PHARMACEUTICAL USA, INC., NuvaRings were prescribed and used as intended by Defendant ORGANON PHARMACEUTICAL USA, INC., and in a manner reasonably foreseeable to Defendant ORGANON PHARMACEUTICAL USA, INC.

65.     The NuvaRings were defective at the time of their manufacture, development, production, testing, inspection, endorsement, prescription, sale and distribution, and at the time

they left the possession of Defendant ORGANON PHARMACEUTICAL USA, INC., in that, and not by way of limitation, the products differed from the Defendant's ORGANON PHARMACEUTICAL USA, INC., intended result and intended design and specifications, and from other ostensibly identical units of the same product line.

66.     As the proximate cause and legal result of the defective condition of NuvaRing as manufactured and/or supplied and/or distributed by Defendant ORGANON PHARMACEUTICAL USA, INC., and as a direct and legal result of the conduct of Defendant described herein, Plaintiff has been damaged.

WHEREFORE, the Plaintiff demands judgment in her favor and against Defendant ORGANON PHARMACEUTICAL USA, INC., in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate for the losses herein alleged.

<u>**COUNT VIII**</u>

<u>**ORGANON INTERNATIONAL, INC. - STRICT PRODUCT LIABILITY**</u>

<u>**(Manufacturing Defect)**</u>

67.     Plaintiff repeats and re-alleges the allegations set forth in the paragraphs above as if fully set forth herein.

68.     At all times herein mentioned, Defendant's ORGANON INTERNATIONAL, INC., NuvaRings were prescribed and used as intended by Defendant ORGANON INTERNATIONAL, INC., and in a manner reasonably foreseeable to Defendant ORGANON INTERNATIONAL, INC.

69.     The NuvaRings were defective at the time of their manufacture, development, production, testing, inspection, endorsement, prescription, sale and distribution, and at the time they left the possession of Defendant ORGANON INTERNATIONAL, INC., in that, and not by

way of limitation, the products differed from the Defendant's ORGANON INTERNATIONAL, INC., intended result and intended design and specifications, and from other ostensibly identical units of the same product line.

70.     As the proximate cause and legal result of the defective condition of NuvaRing as manufactured and/or supplied and/or distributed by Defendant ORGANON INTERNATIONAL, INC., and as a direct and legal result of the conduct of Defendant described herein, Plaintiff has been damaged.

WHEREFORE, the Plaintiff demands judgment in her favor and against Defendant ORGANON INTERNATIONAL, INC., in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate for the losses herein alleged.

## COUNT IX

## SCHERING-PLOUGH CORPORATION - STRICT PRODUCT LIABILITY

## (Manufacturing Defect)

71.     Plaintiff repeats and re-alleges the allegations set forth in the paragraphs above as if fully set forth herein.

72.     At all times herein mentioned, Defendant's SCHERING-PLOUGH CORPORATION NuvaRings were prescribed and used as intended by Defendant SCHERING-PLOUGH CORPORATION and in a manner reasonably foreseeable to Defendant SCHERING-PLOUGH CORPORATION.

73.     The NuvaRings were defective at the time of their manufacture, development, production, testing, inspection, endorsement, prescription, sale and distribution, and at the time they left the possession of Defendant SCHERING-PLOUGH CORPORATION in that, and not by way of limitation, the products differed from the Defendant's SCHERING-PLOUGH

CORPORATION intended result and intended design and specifications, and from other ostensibly identical units of the same product line.

74.     As the proximate cause and legal result of the defective condition of NuvaRing as manufactured and/or supplied and/or distributed by Defendant SCHERING-PLOUGH CORPORATION and as a direct and legal result of the conduct of Defendant described herein, Plaintiff has been damaged.

WHEREFORE, the Plaintiff demands judgment in her favor and against Defendant SCHERING-PLOUGH CORPORATION in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate for the losses herein alleged.

## COUNT X

## MERCK & CO., INC. - STRICT PRODUCT LIABILITY

### (Manufacturing Defect)

75.     Plaintiff repeats and re-alleges the allegations set forth in the paragraphs above as if fully set forth herein.

76.     At all times herein mentioned, Defendant's MERCK & CO., INC., NuvaRings were prescribed and used as intended by Defendant MERCK & CO., INC., and in a manner reasonably foreseeable to Defendant MERCK & CO., INC.

77.     The NuvaRings were defective at the time of their manufacture, development, production, testing, inspection, endorsement, prescription, sale and distribution, and at the time they left the possession of Defendant MERCK & CO., INC., in that, and not by way of limitation, the products differed from the Defendant's MERCK & CO., INC., intended result and intended design and specifications, and from other ostensibly identical units of the same product line.

78.    As the proximate cause and legal result of the defective condition of NuvaRing as manufactured and/or supplied and/or distributed by Defendant MERCK & CO., INC., and as a direct and legal result of the conduct of Defendant described herein, Plaintiff has been damaged.

WHEREFORE, the Plaintiff demands judgment in her favor and against Defendant MERCK & CO., INC., in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate for the losses herein alleged.

## COUNT XI

## ORGANON USA, INC. - STRICT PRODUCT LIABILITY

### (Design Defect)

79.    Plaintiff repeats and re-alleges the allegations set forth in the paragraphs above as if fully set forth herein.

80.    At all times material to this action, Defendant ORGANON USA, INC., was responsible for designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling to its distributors and otherwise putting NuvaRing into the stream of commerce.

81.    The NuvaRing is defective and unreasonably dangerous to consumers.

82.    The NuvaRing is defective in its design and/or formulation in that it is not reasonably fit, suitable, or safe for its intended purpose and/or its foreseeable risks exceed the benefits associated with its design and formulation.

83.    At all times material to this action, the NuvaRings were expected to reach, and did reach, consumers throughout the United States, including Plaintiffs and Plaintiffs' Decedents herein, without any significant change in the condition in which they were sold.

84.     At all times material to this action, the Product was designed, developed, manufactured, tested, packaged, promoted, marketed, distributed, labeled, and/or sold to its distributors and otherwise put into the stream of commerce by Defendant ORGANON USA, INC., in a defective and unreasonably dangerous condition at the time it was placed in the stream of commerce in ways which include, but are not limited to, one or more of the following particulars:

a.      when placed in the stream of commerce, the Product contained unreasonably dangerous design defects and was not reasonably safe as intended to be used, subjecting Plaintiffs and Plaintiffs' Decedents to risks that exceeded the benefits of the Product, including but not limited to the risks of developing blood clots, pulmonary emboli, strokes, heart attacks and/or deep vein thrombosis, which cause serious, crippling injuries and even death in an unacceptably high number of its users;

b.      when placed in the stream of commerce, the Product was defective in formulation, making the use of the Product more dangerous than an ordinary consumer would expect, and more dangerous than other risks associated with the other contraceptive medications and similar drugs on the market for the prevention of pregnancy;

c.      the Product's design defects existed before it left the control of the Defendant ORGANON USA, INC.;

d.      the Product was insufficiently tested;

e.      the Product caused harmful side effects that outweighed any potential utility;

f.      the Product was not accompanied by adequate instructions and/or warnings to fully apprise consumers, including Plaintiff, of the full nature and extent of the risks and side effects associated with its use, thereby rendering Defendant ORGANON USA, INC., liable to Plaintiffs individually and collectively; and

g.      the Product was not accompanied by adequate instructions and/or warnings to fully apprise physicians of the full nature and extent of the risks and side effects associated with its use, thereby rendering Defendant ORGANON USA, INC., liable to Plaintiff, individually and collectively.

85.      In addition, at the time the Product left the control of the Defendant ORGANON USA, INC., there were practical and feasible alternative designs that would have prevented and/or significantly reduced the risk of Plaintiffs' injuries without impairing the reasonably anticipated or intended function of the product. These safer alternative designs were economically and technologically feasible, and would have prevented or significantly reduced the risk of Plaintiffs' injuries without substantially impairing the Product's utility.

86.      In addition, at the time the Product left the control of the Defendant ORGANON USA, INC., there were practical and feasible alternative formulations that would have prevented and/or significantly reduced the risk of Plaintiffs' injuries without impairing the reasonably anticipated or intended function of the Product. These safer alternative formulations were economically and technologically feasible and would have prevented or significantly reduced the risk of Plaintiffs' injuries without substantially impairing the Product's utility.

87.      As the proximate cause and legal result of the defective condition of NuvaRing as designed and/or manufactured and/or supplied and/or distributed by Defendant ORGANON

USA, INC., and as a direct and legal result of the conduct of Defendant described herein, Plaintiff has been damaged.

WHEREFORE, the Plaintiff demands judgment in their favor and against Defendant ORGANON USA, INC., in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate for the losses herein alleged.

## COUNT XII

## ORGANON PHARMACEUTICAL USA, INC. - STRICT PRODUCT LIABILITY

### (Design Defect)

88.     Plaintiff repeats and re-alleges the allegations set forth in the paragraphs above as if fully set forth herein.

89.     At all times material to this action, Defendant ORGANON PHARMACEUTICAL USA, INC., was responsible for designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling to its distributors and otherwise putting NuvaRing into the stream of commerce.

90.     The NuvaRing is defective and unreasonably dangerous to consumers.

91.     The NuvaRing is defective in its design and/or formulation in that it is not reasonably fit, suitable, or safe for its intended purpose and/or its foreseeable risks exceed the benefits associated with its design and formulation.

92.     At all times material to this action, the NuvaRings were expected to reach, and did reach, consumers throughout the United States, including Plaintiff, without any significant change in the condition in which they were sold.

93.     At all times material to this action, the Product was designed, developed, manufactured, tested, packaged, promoted, marketed, distributed, labeled, and/or sold to its

distributors and otherwise put into the stream of commerce by Defendant ORGANON PHARMACEUTICAL USA, INC., in a defective and unreasonably dangerous condition at the time it was placed in the stream of commerce in ways which include, but are not limited to, one or more of the following particulars:

a.      when placed in the stream of commerce, the Product contained unreasonably dangerous design defects and was not reasonably safe as intended to be used, subjecting Plaintiff to risks that exceeded the benefits of the Product, including but not limited to the risks of developing blood clots, pulmonary emboli, strokes, heart attacks and/or deep vein thrombosis, which cause serious, crippling injuries and even death in an unacceptably high number of its users;

b.      when placed in the stream of commerce, the Product was defective in formulation, making the use of the product more dangerous than an ordinary consumer would expect, and more dangerous than other risks associated with the other contraceptive medications and similar drugs on the market for the prevention of pregnancy;

c.      the Product's design defects existed before it left the control of the Defendant ORGANON PHARMACEUTICAL USA, INC.;

d.      the Product was insufficiently tested;

e.      the Product caused harmful side effects that outweighed any potential utility;

f.      the Product was not accompanied by adequate instructions and/or warnings to fully apprise consumers, including Plaintiff, of the full nature and extent of the risks and side effects associated with its use, thereby rendering

Defendant ORGANON PHARMACEUTICAL USA, INC., liable to Plaintiff, individually and collectively; and

g.      the Product was not accompanied by adequate instructions and/or warnings to fully apprise physicians of the full nature and extent of the risks and side effects associated with its use, thereby rendering Defendant ORGANON PHARMACEUTICAL USA, INC., liable to Plaintiff.

94.      In addition, at the time the Product left the control of the Defendant ORGANON PHARMACEUTICAL USA, INC., there were practical and feasible alternative designs that would have prevented and/or significantly reduced the risk of Plaintiffs' injuries without impairing the reasonably anticipated or intended function of the Product. These safer alternative designs were economically and technologically feasible, and would have prevented or significantly reduced the risk of Plaintiffs' injuries without substantially impairing the Product's utility.

95.      In addition, at the time the Product left the control of the Defendant ORGANON PHARMACEUTICAL USA, INC., there were practical and feasible alternative formulations that would have prevented and/or significantly reduced the risk of Plaintiffs' injuries without impairing the reasonably anticipated or intended function of the Product. These safer alternative formulations were economically and technologically feasible and would have prevented or significantly reduced the risk of Plaintiffs' injuries without substantially impairing the Product's utility.

96.      As the proximate cause and legal result of the defective condition of NuvaRing as designed and/or manufactured and/or supplied and/or distributed by Defendant ORGANON

PHARMACEUTICAL USA, INC., and as a direct and legal result of the conduct of Defendant described herein, Plaintiff has been damaged.

WHEREFORE, the Plaintiff demands judgment in her favor and against Defendant ORGANON PHARMACEUTICAL USA, INC., in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate for the losses herein alleged.

## COUNT XIII

## ORGANON INTERNATIONAL, INC. - STRICT PRODUCT LIABILITY

### (Design Defect)

97.     Plaintiff repeats and re-alleges the allegations set forth in the paragraphs above as if fully set forth herein.

98.     At all times material to this action, Defendant ORGANON INTERNATIONAL, INC., was responsible for designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling to its distributors and otherwise putting NuvaRing into the stream of commerce.

99.     The NuvaRing is defective and unreasonably dangerous to consumers.

100.     The NuvaRing is defective in its design and/or formulation in that it is not reasonably fit, suitable, or safe for its intended purpose and/or its foreseeable risks exceed the benefits associated with its design and formulation.

101.     At all times material to this action, the NuvaRings were expected to reach, and did reach, consumers throughout the United States, including Plaintiff, without any significant change in the condition in which they were sold.

102.     At all times material to this action, the Product was designed, developed, manufactured, tested, packaged, promoted, marketed, distributed, labeled, and/or sold to its

distributors and otherwise put into the stream of commerce by Defendant ORGANON INTERNATIONAL, INC., in a defective and unreasonably dangerous condition at the time it was placed in the stream of commerce in ways which include, but are not limited to, one or more of the following particulars:

a.     when placed in the stream of commerce, the Product contained unreasonably dangerous design defects and was not reasonably safe as intended to be used, subjecting Plaintiff to risks that exceeded the benefits of the Product, including but not limited to the risks of developing blood clots, pulmonary emboli, strokes, heart attacks and/or deep vein thrombosis, which cause serious, crippling injuries and even death in an unacceptably high number of its users;

b.     when placed in the stream of commerce, the Product was defective in formulation, making the use of the Product more dangerous than an ordinary consumer would expect, and more dangerous than other risks associated with the other contraceptive medications and similar drugs on the market for the prevention of pregnancy;

c.     the Product's design defects existed before it left the control of the Defendant ORGANON INTERNATIONAL, INC.;

d.     the Product was insufficiently tested;

e.     the Product caused harmful side effects that outweighed any potential utility;

f.     the Product was not accompanied by adequate instructions and/or warnings to fully apprise consumers, including Plaintiff, of the full nature and

extent of the risks and side effects associated with its use, thereby rendering

Defendant ORGANON INTERNATIONAL, INC., liable to Plaintiff; and

g. the Product was not accompanied by adequate instructions and/or

warnings to fully apprise physicians of the full nature and extent of the risks and

side effects associated with its use, thereby rendering Defendant ORGANON

INTERNATIONAL, INC., liable to Plaintiff.

103. In addition, at the time the Product left the control of the Defendant ORGANON

INTERNATIONAL, INC., there were practical and feasible alternative designs that would have

prevented and/or significantly reduced the risk of Plaintiffs' injuries without impairing the

reasonably anticipated or intended function of the Product. These safer alternative designs were

economically and technologically feasible, and would have prevented or significantly reduced

the risk of Plaintiffs' injuries without substantially impairing the Product's utility.

104. In addition, at the time the Product left the control of the Defendant ORGANON

INTERNATIONAL, INC., there were practical and feasible alternative formulations that would

have prevented and/or significantly reduced the risk of Plaintiffs' injuries without impairing the

reasonably anticipated or intended function of the Product. These safer alternative formulations

were economically and technologically feasible and would have prevented or significantly

reduced the risk of Plaintiffs' injuries without substantially impairing the Product's utility.

105. As the proximate cause and legal result of the defective condition of NuvaRing as

designed and/or manufactured and/or supplied and/or distributed by Defendant ORGANON

INTERNATIONAL, INC., and as a direct and legal result of the conduct of Defendant described

herein, Plaintiff has been damaged.

WHEREFORE, the Plaintiff demands judgment in their favor and against Defendant ORGANON INTERNATIONAL, INC., in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate for the losses herein alleged.

## COUNT XIV

## SCHERING-PLOUGH CORPORATION - STRICT PRODUCT LIABILITY

### (Design Defect)

106.    Plaintiff repeats and re-alleges the allegations set forth in the paragraphs above as if fully set forth herein.

107.    At all times material to this action, Defendant SCHERING-PLOUGH CORPORATION was responsible for designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling to its distributors and otherwise putting NuvaRing into the stream of commerce.

108.    The NuvaRing is defective and unreasonably dangerous to consumers.

109.    The NuvaRing is defective in its design and/or formulation in that it is not reasonably fit, suitable, or safe for its intended purpose and/or its foreseeable risks exceed the benefits associated with its design and formulation.

110.    At all times material to this action, the NuvaRings were expected to reach, and did reach, consumers throughout the United States, including Plaintiff, without any significant change in the condition in which they were sold.

111.    At all times material to this action, the product was designed, developed, manufactured, tested, packaged, promoted, marketed, distributed, labeled, and/or sold to its distributors and otherwise put into the stream of commerce by Defendant SCHERING-PLOUGH CORPORATION in a defective and unreasonably dangerous condition at the time it was placed

in the stream of commerce in ways which include, but are not limited to, one or more of the following particulars:

    a.    when placed in the stream of commerce, the Product contained unreasonably dangerous design defects and was not reasonably safe as intended to be used, subjecting Plaintiff to risks that exceeded the benefits of the product, including but not limited to the risks of developing blood clots, pulmonary emboli, strokes, heart attacks and/or deep vein thrombosis, which cause serious, crippling injuries and even death in an unacceptably high number of its users;

    b.    when placed in the stream of commerce, the product was defective in formulation, making the use of the product more dangerous than an ordinary consumer would expect, and more dangerous than other risks associated with the other contraceptive medications and similar drugs on the market for the prevention of pregnancy;

    c.    the Product's design defects existed before it left the control of the Defendant SCHERING-PLOUGH CORPORATION;

    d.    the Product was insufficiently tested;

    e.    the Product caused harmful side effects that outweighed any potential utility;

    f.    the Product was not accompanied by adequate instructions and/or warnings to fully apprise consumers, including Plaintiff, of the full nature and extent of the risks and side effects associated with its use, thereby rendering Defendant SCHERING-PLOUGH CORPORATION liable to Plaintiff; and

g.    the product was not accompanied by adequate instructions and/or warnings to fully apprise physicians of the full nature and extent of the risks and side effects associated with its use, thereby rendering Defendant SCHERING-PLOUGH CORPORATION liable to Plaintiff.

112.   In addition, at the time the Product left the control of the Defendant SCHERING-PLOUGH CORPORATION there were practical and feasible alternative designs that would have prevented and/or significantly reduced the risk of Plaintiffs' injuries without impairing the reasonably anticipated or intended function of the Product. These safer alternative designs were economically and technologically feasible, and would have prevented or significantly reduced the risk of Plaintiffs' injuries without substantially impairing the Product's utility.

113.   In addition, at the time the Product left the control of the Defendant SCHERING-PLOUGH CORPORATION there were practical and feasible alternative formulations that would have prevented and/or significantly reduced the risk of Plaintiffs' injuries without impairing the reasonably anticipated or intended function of the Product. These safer alternative formulations were economically and technologically feasible and would have prevented or significantly reduced the risk of Plaintiffs' injuries without substantially impairing the Product's utility.

114.   As the proximate cause and legal result of the defective condition of NuvaRing as designed and/or manufactured and/or supplied and/or distributed by Defendant SCHERING-PLOUGH CORPORATION and as a direct and legal result of the conduct of Defendant described herein, Plaintiff has been damaged.

WHEREFORE, the Plaintiff demands judgment in their favor and against Defendant SCHERING-PLOUGH CORPORATION in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate for the losses herein alleged.

## COUNT XV

## MERCK & CO., INC. - STRICT PRODUCT LIABILITY

### (Design Defect)

115.     Plaintiff repeats and re-alleges the allegations set forth in the paragraphs above as if fully set forth herein.

116.     At all times material to this action, Defendant MERCK & CO., INC., was responsible for designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling to its distributors and otherwise putting NuvaRing into the stream of commerce.

117.     The NuvaRing is defective and unreasonably dangerous to consumers.

118.     The NuvaRing is defective in its design and/or formulation in that it is not reasonably fit, suitable, or safe for its intended purpose and/or its foreseeable risks exceed the benefits associated with its design and formulation.

119.     At all times material to this action, the NuvaRings were expected to reach, and did reach, consumers throughout the United States, including Plaintiff, without any significant change in the condition in which they were sold.

120.     At all times material to this action, the Product was designed, developed, manufactured, tested, packaged, promoted, marketed, distributed, labeled, and/or sold to its distributors and otherwise put into the stream of commerce by Defendant MERCK & CO., INC., in a defective and unreasonably dangerous condition at the time it was placed in the stream of commerce in ways which include, but are not limited to, one or more of the following particulars:

a.      when placed in the stream of commerce, the Product contained unreasonably dangerous design defects and was not reasonably safe as intended to be used, subjecting Plaintiff to risks that exceeded the benefits of the Product, including but not limited to the risks of developing blood clots, pulmonary emboli, strokes, heart attacks and/or deep vein thrombosis, which cause serious, crippling injuries and even death in an unacceptably high number of its users;

b.      when placed in the stream of commerce, the Product was defective in formulation, making the use of the Product more dangerous than an ordinary consumer would expect, and more dangerous than other risks associated with the other contraceptive medications and similar drugs on the market for the prevention of pregnancy;

c.      the Product's design defects existed before it left the control of the Defendant MERCK & CO., INC.;

d.      the Product was insufficiently tested;

e.      the Product caused harmful side effects that outweighed any potential utility;

f.      the Product was not accompanied by adequate instructions and/or warnings to fully apprise consumers, including Plaintiff, of the full nature and extent of the risks and side effects associated with its use, thereby rendering Defendant MERCK & CO., INC., liable to Plaintiff; and

g.      the Product was not accompanied by adequate instructions and/or warnings to fully apprise physicians of the full nature and extent of the risks and

side effects associated with its use, thereby rendering Defendant MERCK & CO., INC., liable to Plaintiff.

121.    In addition, at the time the Product left the control of the Defendant MERCK & CO., INC., there were practical and feasible alternative designs that would have prevented and/or significantly reduced the risk of Plaintiffs' injuries without impairing the reasonably anticipated or intended function of the Product. These safer alternative designs were economically and technologically feasible, and would have prevented or significantly reduced the risk of Plaintiffs' injuries without substantially impairing the Product's utility.

122.    In addition, at the time the Product left the control of the Defendant MERCK & CO., INC., there were practical and feasible alternative formulations that would have prevented and/or significantly reduced the risk of Plaintiffs' injuries without impairing the reasonably anticipated or intended function of the Product. These safer alternative formulations were economically and technologically feasible and would have prevented or significantly reduced the risk of Plaintiffs' injuries without substantially impairing the Product's utility.

123.    As the proximate cause and legal result of the defective condition of NuvaRing as designed and/or manufactured and/or supplied and/or distributed by Defendant MERCK & CO., INC., and as a direct and legal result of the conduct of Defendant described herein, Plaintiff has been damaged.

WHEREFORE, the Plaintiff demands judgment in her favor and against Defendant MERCK & CO., INC., in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate for the losses herein alleged.

## COUNT XVI

## ORGANON USA, INC. - NEGLIGENCE

124.     Plaintiff repeats and re-alleges the allegations set forth in the paragraphs above as if fully set forth herein.

125.     At all times relevant hereto, it was the duty of Defendant ORGANON USA, INC., to use reasonable care in the manufacturing, design, distribution, and/or sale of the aforesaid NuvaRing.

126.     In disregard of its aforesaid duty, the Defendant ORGANON USA, INC., was guilty of one or more of the following negligent acts or omissions:

a.     Manufacturing, producing, promoting, formulating, creating, developing, designing, selling, and distributing NuvaRing without thorough and adequate pre- and post-market testing of the Product;

b.     Manufacturing, producing, promoting, advertising, formulating, creating, developing, and designing, and distributing NuvaRing while negligently and intentionally concealing and failing to disclose clinical data which demonstrated the risk of serious harm associated with the use of NuvaRing;

c.     Failing to undertake sufficient studies and conduct necessary tests to determine whether or not NuvaRing was safe for its intended use;

d.     Failing to disclose and warn of the product defect to the regulatory agencies, the medical community, and consumers that Defendant ORGANON USA, INC., knew and had reason to know that NuvaRing was indeed unreasonably unsafe and unfit for use by reason of the Product's defect and risk of harm to its users in the form of, but not limited to the development of thrombic clotting problems, thromboses, embolisms, deep vein thrombosis, and/or pulmonary embolism;

e.     Failing to warn Plaintiff, the medical and healthcare community, and consumers that the product's risk of harm was unreasonable and that there were safer and effective alternative contraceptive medications available to Plaintiff and other consumers;

f.     Failing to provide adequate instructions, guidelines, and safety precautions to those persons to whom it was reasonably foreseeable would prescribe, use, and consume NuvaRing;

g.     Advertising, marketing and recommending the use of NuvaRing, while concealing and failing to disclose or warn of the dangers known by Defendant ORGANON USA, INC., to be connected with, and inherent in, the use of NuvaRing;

h.     Representing that NuvaRing was safe for its intended use when in fact; Defendant ORGANON USA, INC., knew or should have known the product was not safe for its intended purpose;

i.     Failing to disclose to and inform the medical community and consumers that other forms of safer and effective alternative contraceptive medications were available for use for the purpose for which NuvaRing was manufactured;

j.     Continuing to manufacture and sell NuvaRing with the knowledge that NuvaRing was unreasonably unsafe and dangerous;

k.     Failing to use reasonable and prudent care in the design, research, manufacture, and development of NuvaRing so as to avoid the risk of serious harm associated with the use of NuvaRing;

l.      Failing to design and manufacture Nuvaring so as to ensure the drug was at least as safe and effective as other contraceptive medications;

m.      Failing to ensure the product was accompanied by proper and accurate warnings about possible adverse side effects associated with the use of NuvaRing and that use of NuvaRing created a high risk of developing thrombic clotting problems, thomboses, embolisms, deep vein thrombosis, and/or pulmonary embolism;

n.      Failing to conduct adequate testing, including pre-clinical and clinical testing, and post-marketing surveillance to determine the safety of NuvaRing.

127.    As a direct and proximate result of one or more of the above-stated negligent acts, Plaintiff developed thrombic clotting problems, thomboses, embolisms, deep vein thrombosis, and/or pulmonary embolism. Plaintiff has suffered and will continue to suffer injury of a personal and pecuniary nature, including pain and suffering, medical expenses, lost income and disability.

WHEREFORE, the Plaintiff prays for judgment against ORGANON USA, INC., in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate them for the losses herein alleged.

## COUNT XVII

## ORGANON PHARMACEUTICAL USA, INC. - NEGLIGENCE

128.    Plaintiff repeats and re-alleges the allegations set forth in the paragraphs above as if fully set forth herein.

129.     At all times relevant hereto, it was the duty of Defendant ORGANON PHARMACEUTICAL USA, INC., to use reasonable care in the manufacturing, design, distribution, and/or sale of the aforesaid NuvaRing.

130.     In disregard of its aforesaid duty, the Defendant ORGANON PHARMACEUTICAL USA, INC., was guilty of one or more of the following negligent acts or omissions:

a.     Manufacturing, producing, promoting, formulating, creating, developing, designing, selling, and distributing NuvaRing without thorough and adequate pre- and post-market testing of the Product;

b.     Manufacturing, producing, promoting, advertising, formulating, creating, developing, and designing, and distributing NuvaRing while negligently and intentionally concealing and failing to disclose clinical data which demonstrated the risk of serious harm associated with the use of NuvaRing;

c.     Failing to undertake sufficient studies and conduct necessary tests to determine whether or not NuvaRing was safe for its intended use;

d.     Failing to disclose and warn of the product defect to the regulatory agencies, the medical community, and consumers that Defendant ORGANON PHARMACEUTICAL USA, INC., knew and had reason to know that NuvaRing was indeed unreasonably unsafe and unfit for use by reason of the Product's defect and risk of harm to its users in the form of, but not limited to the development of thrombic clotting problems, thromboses, embolisms, deep vein thrombosis, and/or pulmonary embolism;

e.      Failing to warn Plaintiff, the medical and healthcare community, and consumers that the Product's risk of harm was unreasonable and that there were safer and effective alternative contraceptive medications available to Plaintiff and other consumers;

f.      Failing to provide adequate instructions, guidelines, and safety precautions to those persons to whom it was reasonably foreseeable would prescribe, use, and consume NuvaRing;

g.      Advertising, marketing and recommending the use of NuvaRing, while concealing and failing to disclose or warn of the dangers known by Defendant ORGANON PHARMACEUTICAL USA, INC., to be connected with, and inherent in, the use of NuvaRing;

h.      Representing that NuvaRing was safe for its intended use when in fact; Defendant ORGANON PHARMACEUTICAL USA, INC., knew or should have known the Product was not safe for its intended purpose;

i.      Failing to disclose to and inform the medical community and consumers that other forms of safer and effective alternative contraceptive medications were available for use for the purpose for which NuvaRing was manufactured;

j.      Continuing to manufacture and sell NuvaRing with the knowledge that NuvaRing was unreasonably unsafe and dangerous;

k.      Failing to use reasonable and prudent care in the design, research, manufacture, and development of NuvaRing so as to avoid the risk of serious harm associated with the use of NuvaRing;

l.     Failing to design and manufacture Nuvaring so as to ensure the drug was at least as safe and effective as other contraceptive medications;

m.     Failing to ensure the product was accompanied by proper and accurate warnings about possible adverse side effects associated with the use of NuvaRing and that use of NuvaRing created a high risk of developing thrombic clotting problems, thomboses, embolisms, deep vein thrombosis, and/or pulmonary embolism;

n.     Failing to conduct adequate testing, including pre-clinical and clinical testing, and post-marketing surveillance to determine the safety of NuvaRing.

131.    As a direct and proximate result of one or more of the above-stated negligent acts, Plaintiff developed thrombic clotting problems, thomboses, embolisms, deep vein thrombosis, and/or pulmonary embolism. Plaintiff has suffered and will continue to suffer injury of a personal and pecuniary nature, including pain and suffering, medical expenses, lost income and disability.

WHEREFORE, the Plaintiff prays for judgment against ORGANON PHARMACEUTICAL USA, INC., in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate them for the losses herein alleged.

## COUNT XVIII

## ORGANON INTERNATIONAL, INC. - NEGLIGENCE

132.    Plaintiff repeats and re-alleges the allegations set forth in the paragraphs above as if fully set forth herein.

133.   At all times relevant hereto, it was the duty of Defendant ORGANON INTERNATIONAL, INC., to use reasonable care in the manufacturing, design, distribution, and/or sale of the aforesaid NuvaRing.

134.   In disregard of its aforesaid duty, the Defendant ORGANON INTERNATIONAL, INC., was guilty of one or more of the following negligent acts or omissions:

a.     Manufacturing, producing, promoting, formulating, creating, developing, designing, selling, and distributing NuvaRing without thorough and adequate pre- and post-market testing of the Product;

b.     Manufacturing, producing, promoting, advertising, formulating, creating, developing, and designing, and distributing NuvaRing while negligently and intentionally concealing and failing to disclose clinical data which demonstrated the risk of serious harm associated with the use of NuvaRing;

c.     Failing to undertake sufficient studies and conduct necessary tests to determine whether or not NuvaRing was safe for its intended use;

d.     Failing to disclose and warn of the product defect to the regulatory agencies, the medical community, and consumers that Defendant ORGANON INTERNATIONAL, INC., knew and had reason to know that NuvaRing was indeed unreasonably unsafe and unfit for use by reason of the Product's defect and risk of harm to its users in the form of, but not limited to the development of thrombic clotting problems, thomboses, embolisms, deep vein thrombosis, and/or pulmonary embolism;

e.     Failing to warn Plaintiff, the medical and healthcare community, and consumers that the Product's risk of harm was unreasonable and that there were safer and effective alternative contraceptive medications available to Plaintiffs, Plaintiffs' Decedents and other consumers;

f.     Failing to provide adequate instructions, guidelines, and safety precautions to those persons to whom it was reasonably foreseeable would prescribe, use, and consume NuvaRing;

g.     Advertising, marketing and recommending the use of NuvaRing, while concealing and failing to disclose or warn of the dangers known by Defendant ORGANON INTERNATIONAL, INC., to be connected with, and inherent in, the use of NuvaRing;

h.     Representing that NuvaRing was safe for its intended use when in fact; Defendant ORGANON INTERNATIONAL, INC., knew or should have known the Product was not safe for its intended purpose;

i.     Failing to disclose to and inform the medical community and consumers that other forms of safer and effective alternative contraceptive medications were available for use for the purpose for which NuvaRing was manufactured;

j.     Continuing to manufacture and sell NuvaRing with the knowledge that NuvaRing was unreasonably unsafe and dangerous;

k.     Failing to use reasonable and prudent care in the design, research, manufacture, and development of NuvaRing so as to avoid the risk of serious harm associated with the use of NuvaRing;

l.      Failing to design and manufacture Nuvaring so as to ensure the drug was at least as safe and effective as other contraceptive medications;

m.      Failing to ensure the product was accompanied by proper and accurate warnings about possible adverse side effects associated with the use of NuvaRing and that use of NuvaRing created a high risk of developing thrombic clotting problems, thomboses, embolisms, deep vein thrombosis, and/or pulmonary embolism;

n.      Failing to conduct adequate testing, including pre-clinical and clinical testing, and post-marketing surveillance to determine the safety of NuvaRing.

135.    As a direct and proximate result of one or more of the above-stated negligent acts, Plaintiff developed thrombic clotting problems, thomboses, embolisms, deep vein thrombosis, and/or pulmonary embolism. Plaintiff has suffered and will continue to suffer injury of a personal and pecuniary nature, including pain and suffering, medical expenses, lost income and disability.

WHEREFORE, the Plaintiff prays for judgment against ORGANON INTERNATIONAL, INC., in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate them for the losses herein alleged.

## COUNT XIX

## SCHERING-PLOUGH CORPORATION - NEGLIGENCE

136.    Plaintiff repeats and re-alleges the allegations set forth in the paragraphs above as if fully set forth herein.

137.    At all times relevant hereto, it was the duty of Defendant SCHERING-PLOUGH CORPORATION to use reasonable care in the manufacturing, design, distribution, and/or sale of the aforesaid NuvaRing.

138.    In disregard of its aforesaid duty, the Defendant SCHERING-PLOUGH CORPORATION was guilty of one or more of the following negligent acts or omissions:

     a.    Manufacturing, producing, promoting, formulating, creating, developing, designing, selling, and distributing NuvaRing without thorough and adequate pre- and post-market testing of the Product;

     b.    Manufacturing, producing, promoting, advertising, formulating, creating, developing, and designing, and distributing NuvaRing while negligently and intentionally concealing and failing to disclose clinical data which demonstrated the risk of serious harm associated with the use of NuvaRing;

     c.    Failing to undertake sufficient studies and conduct necessary tests to determine whether or not NuvaRing was safe for its intended use;

     d.    Failing to disclose and warn of the product defect to the regulatory agencies, the medical community, and consumers that Defendant SCHERING-PLOUGH CORPORATION knew and had reason to know that NuvaRing was indeed unreasonably unsafe and unfit for use by reason of the Product's defect and risk of harm to its users in the form of, but not limited to the development of thrombic clotting problems, thomboses, embolisms, deep vein thrombosis, and/or pulmonary embolism;

     e.    Failing to warn Plaintiff, the medical and healthcare community, and consumers that the Product's risk of harm was unreasonable and that there were

safer and effective alternative contraceptive medications available to Plaintiff and other consumers;

f.     Failing to provide adequate instructions, guidelines, and safety precautions to those persons to whom it was reasonably foreseeable would prescribe, use, and consume NuvaRing;

g.     Advertising, marketing and recommending the use of NuvaRing, while concealing and failing to disclose or warn of the dangers known by Defendant SCHERING-PLOUGH CORPORATION to be connected with, and inherent in, the use of NuvaRing;

h.     Representing that NuvaRing was safe for its intended use when in fact; Defendant SCHERING-PLOUGH CORPORATION knew or should have known the product was not safe for its intended purpose;

i.     Failing to disclose to and inform the medical community and consumers that other forms of safer and effective alternative contraceptive medications were available for use for the purpose for which NuvaRing was manufactured;

j.     Continuing to manufacture and sell NuvaRing with the knowledge that NuvaRing was unreasonably unsafe and dangerous;

k.     Failing to use reasonable and prudent care in the design, research, manufacture, and development of NuvaRing so as to avoid the risk of serious harm associated with the use of NuvaRing;

l.     Failing to design and manufacture Nuvaring so as to ensure the drug was at least as safe and effective as other contraceptive medications;

m.      Failing to ensure the Product was accompanied by proper and accurate warnings about possible adverse side effects associated with the use of NuvaRing and that use of NuvaRing created a high risk of developing thrombic clotting problems, thomboses, embolisms, deep vein thrombosis, and/or pulmonary embolism;

n.      Failing to conduct adequate testing, including pre-clinical and clinical testing, and post-marketing surveillance to determine the safety of NuvaRing.

139.    As a direct and proximate result of one or more of the above-stated negligent acts, Plaintiff developed thrombic clotting problems, thomboses, embolisms, deep vein thrombosis, and/or pulmonary embolism. Plaintiff has suffered and will continue to suffer injury of a personal and pecuniary nature, including pain and suffering, medical expenses, lost income and disability.

WHEREFORE, the Plaintiff prays for judgment against SCHERING-PLOUGH CORPORATION in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate them for the losses herein alleged.

## COUNT XX

## MERCK & CO., INC. - NEGLIGENCE

140.    Plaintiff repeats and re-alleges the allegations set forth in the paragraphs above as if fully set forth herein.

141.    At all times relevant hereto, it was the duty of Defendant MERCK & CO., INC., to use reasonable care in the manufacturing, design, distribution, and/or sale of the aforesaid NuvaRing.

142.     In disregard of its aforesaid duty, the Defendant MERCK & CO., INC., was guilty of one or more of the following negligent acts or omissions:

a.      Manufacturing, producing, promoting, formulating, creating, developing, designing, selling, and distributing NuvaRing without thorough and adequate pre- and post-market testing of the product;

b.      Manufacturing, producing, promoting, advertising, formulating, creating, developing, and designing, and distributing NuvaRing while negligently and intentionally concealing and failing to disclose clinical data which demonstrated the risk of serious harm associated with the use of NuvaRing;

c.      Failing to undertake sufficient studies and conduct necessary tests to determine whether or not NuvaRing was safe for its intended use;

d.      Failing to disclose and warn of the product defect to the regulatory agencies, the medical community, and consumers that Defendant MERCK & CO., INC., knew and had reason to know that NuvaRing was indeed unreasonably unsafe and unfit for use by reason of the Product's defect and risk of harm to its users in the form of, but not limited to the development of thrombic clotting problems, thomboses, embolisms, deep vein thrombosis, and/or pulmonary embolism;

e.      Failing to warn Plaintiff, the medical and healthcare community, and consumers that the Product's risk of harm was unreasonable and that there were safer and effective alternative contraceptive medications available to Plaintiff and other consumers;

f.      Failing to provide adequate instructions, guidelines, and safety precautions to those persons to whom it was reasonably foreseeable would prescribe, use, and consume NuvaRing;

g.      Advertising, marketing and recommending the use of NuvaRing, while concealing and failing to disclose or warn of the dangers known by Defendant MERCK & CO., INC., to be connected with, and inherent in, the use of NuvaRing;

h.      Representing that NuvaRing was safe for its intended use when in fact; Defendant MERCK & CO., INC., knew or should have known the product was not safe for its intended purpose;

i.      Failing to disclose to and inform the medical community and consumers that other forms of safer and effective alternative contraceptive medications were available for use for the purpose for which NuvaRing was manufactured;

j.      Continuing to manufacture and sell NuvaRing with the knowledge that NuvaRing was unreasonably unsafe and dangerous;

k.      Failing to use reasonable and prudent care in the design, research, manufacture, and development of NuvaRing so as to avoid the risk of serious harm associated with the use of NuvaRing;

l.      Failing to design and manufacture Nuvaring so as to ensure the drug was at least as safe and effective as other contraceptive medications;

m.      Failing to ensure the product was accompanied by proper and accurate warnings about possible adverse side effects associated with the use of NuvaRing and that use of NuvaRing created a high risk of developing thrombic clotting

problems, thomboses, embolisms, deep vein thrombosis, and/or pulmonary embolism;

n.      Failing to conduct adequate testing, including pre-clinical and clinical testing, and post-marketing surveillance to determine the safety of NuvaRing.

143.    As a direct and proximate result of one or more of the above-stated negligent acts, Plaintiff developed thrombic clotting problems, thomboses, embolisms, deep vein thrombosis, and/or pulmonary embolism. Plaintiff has suffered and will continue to suffer injury of a personal and pecuniary nature, including pain and suffering, medical expenses, lost income and disability.

WHEREFORE, the Plaintiff prays for judgment against MERCK & CO., INC., in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate them for the losses herein alleged.

## COUNT XXI

## ORGANON USA, INC. - BREACH OF EXPRESS WARRANTY

144.    Plaintiff repeats and re-alleges the allegations set forth in the paragraphs above as if fully set forth herein.

145.    Defendant ORGANON USA, INC., expressly warranted that the Product was safe and fit for use by consumers and users, including Plaintiff, for its intended purpose, that it was of merchantable quality, that it did not pose any dangers about what it warned about, and that it was adequately tested and fit for its intended use.

146.    At the time of the making of the express warranties, Defendant ORGANON USA, INC., knew or should have known of the purpose for which the Product was to be used and warranted the same to be, in all respects, fit, safe, and effective and proper for such purpose.

147.    At the time of the making of the express warranties, Defendant ORGANON USA, INC., knew or should have known of the purpose for which the Product was to be used and warranted the same to be, in all respects, fit, safe, and effective and proper for such purpose, as birth control pills.

148.    At the time of the making of the express warranties, Defendant ORGANON USA, INC., knew or should have known that, in fact, said representations and warranties were false, misleading, and untrue in that the Product was not safe and fit for its intended use and, in fact, produces serious injuries to the user.

149.    Members of the medical community, including, but not limited to, Plaintiffs' physicians, reasonably relied upon the skill and judgment of Defendant ORGANON USA, INC., and upon said express warranties, in prescribing, recommending and/or dispensing the Product.

150.    Defendant ORGANON USA, INC., expected members of the medical community to rely upon Defendant's ORGANON USA, INC., express warranties.

151.    Defendant ORGANON USA, INC., expected Plaintiffs and Plaintiffs' Decedents to rely upon Defendant's ORGANON USA, INC., express warranties.

152.    Plaintiffs and Plaintiffs' Decedents herein relied on the Defendant's ORGANON USA, INC., express warranties.

153.    Defendant ORGANON USA, INC., breached said express warranties, in that NuvaRing was not safe and fit for its intended use and, in fact, causes debilitating and potentially lethal side effects with greater frequency than safer alternative methods of birth control.

154.    Defendant ORGANON USA, INC., breached said express warranties, in that the Product was not safe and fit for its intended use as the birth control and, in fact, causes

debilitating and potentially lethal side effects with greater frequency than safer alternative methods of birth control.

155.    Defendant ORGANON USA, INC., breached said express warranties, in that the Product was not safe and fit for its intended use and, in fact, causes debilitating and potentially lethal side effects with greater frequency than the birth control pill.

156.    As a direct and proximate result of Defendant's ORGANON USA, INC., breach of express warranties, Plaintiffs and Plaintiffs' Decedents developed thrombic clotting problems, thomboses, embolisms, deep vein thrombosis, and/or pulmonary embolism. Plaintiff has suffered and will continue to suffer injury of a personal and pecuniary nature, including pain and suffering, medical expenses, lost income and disability.

WHEREFORE, the Plaintiff prays for judgment against ORGANON USA, INC., in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate them for the losses herein alleged.

## COUNT XXII

## ORGANON PHARMACEUTICAL USA, INC. - BREACH OF EXPRESS WARRANTY

157.    Plaintiff repeats and re-alleges the allegations set forth in the paragraphs above as if fully set forth herein.

158.    Defendant ORGANON PHARMACEUTICAL USA, INC., expressly warranted that the product was safe and fit for use by consumers and users, including Plaintiff, for its intended purpose, that it was of merchantable quality, that it did not pose any dangers about what it warned about, and that it was adequately tested and fit for its intended use.

159.    At the time of the making of the express warranties, Defendant ORGANON PHARMACEUTICAL USA, INC., knew or should have known of the purpose for which the

Product was to be used and warranted the same to be, in all respects, fit, safe, and effective and proper for such purpose.

160.   At the time of the making of the express warranties, Defendant ORGANON PHARMACEUTICAL USA, INC., knew or should have known of the purpose for which the Product was to be used and warranted the same to be, in all respects, fit, safe, and effective and proper for such purpose, as birth control pills.

161.   At the time of the making of the express warranties, Defendant ORGANON PHARMACEUTICAL USA, INC., knew or should have known that, in fact, said representations and warranties were false, misleading, and untrue in that the product was not safe and fit for its intended use and, in fact, produces serious injuries to the user.

162.   Members of the medical community, including, but not limited to, Plaintiffs' physicians, reasonably relied upon the skill and judgment of Defendant ORGANON PHARMACEUTICAL USA, INC., and upon said express warranties, in prescribing, recommending and/or dispensing the Product.

163.   Defendant ORGANON PHARMACEUTICAL USA, INC., expected members of the medical community to rely upon Defendant's ORGANON PHARMACEUTICAL USA, INC., express warranties.

164.   Defendant ORGANON PHARMACEUTICAL USA, INC., expected Plaintiff to rely upon Defendant's ORGANON PHARMACEUTICAL USA, INC., express warranties.

165.   Plaintiff herein relied on the Defendant's ORGANON PHARMACEUTICAL USA, INC., express warranties.

166.   Defendant ORGANON PHARMACEUTICAL USA, INC., breached said express warranties, in that NuvaRing was not safe and fit for its intended use and, in fact, causes

debilitating and potentially lethal side effects with greater frequency than safer alternative methods of birth control.

167.    Defendant ORGANON PHARMACEUTICAL USA, INC., breached said express warranties, in that the Product was not safe and fit for its intended use as the birth control and, in fact, causes debilitating and potentially lethal side effects with greater frequency than safer alternative methods of birth control.

168.    Defendant ORGANON PHARMACEUTICAL USA, INC., breached said express warranties, in that the Product was not safe and fit for its intended use and, in fact, causes debilitating and potentially lethal side effects with greater frequency than the birth control pill.

169.    As a direct and proximate result of Defendant's ORGANON PHARMACEUTICAL USA, INC., breach of express warranties, Plaintiff developed thrombic clotting problems, thomboses, embolisms, deep vein thrombosis, and/or pulmonary embolism. Plaintiff has suffered and will continue to suffer injury of a personal and pecuniary nature, including pain and suffering, medical expenses, lost income and disability.

WHEREFORE, the Plaintiff prays for judgment against ORGANON PHARMACEUTICAL USA, INC., in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate them for the losses herein alleged.

## COUNT XXIII

## ORGANON INTERNATIONAL, INC. - BREACH OF EXPRESS WARRANTY

170.    Plaintiff repeats and re-alleges the allegations set forth in the paragraphs above as if fully set forth herein.

171.    Defendant ORGANON INTERNATIONAL, INC., expressly warranted that the Product was safe and fit for use by consumers and users, including Plaintiff, for its intended

purpose, that it was of merchantable quality, that it did not pose any dangers about what it warned about, and that it was adequately tested and fit for its intended use.

172.    At the time of the making of the express warranties, Defendant ORGANON INTERNATIONAL, INC., knew or should have known of the purpose for which the Product was to be used and warranted the same to be, in all respects, fit, safe, and effective and proper for such purpose.

173.    At the time of the making of the express warranties, Defendant ORGANON INTERNATIONAL, INC., knew or should have known of the purpose for which the Product was to be used and warranted the same to be, in all respects, fit, safe, and effective and proper for such purpose, as birth control pills.

174.    At the time of the making of the express warranties, Defendant ORGANON INTERNATIONAL, INC., knew or should have known that, in fact, said representations and warranties were false, misleading, and untrue in that the Product was not safe and fit for its intended use and, in fact, produces serious injuries to the user.

175.    Members of the medical community, including, but not limited to, Plaintiffs' physicians, reasonably relied upon the skill and judgment of Defendant ORGANON INTERNATIONAL, INC., and upon said express warranties, in prescribing, recommending and/or dispensing the Product.

176.    Defendant ORGANON INTERNATIONAL, INC., expected members of the medical community to rely upon Defendant's ORGANON INTERNATIONAL, INC., express warranties.

177.    Defendant ORGANON INTERNATIONAL, INC., expected Plaintiff to rely upon Defendant's ORGANON INTERNATIONAL, INC., express warranties.

178.    Plaintiff herein relied on the Defendant's ORGANON INTERNATIONAL, INC., express warranties.

179.    Defendant ORGANON INTERNATIONAL, INC., breached said express warranties, in that NuvaRing was not safe and fit for its intended use and, in fact, causes debilitating and potentially lethal side effects with greater frequency than safer alternative methods of birth control.

180.    Defendant ORGANON INTERNATIONAL, INC., breached said express warranties, in that the Product was not safe and fit for its intended use as the birth control and, in fact, causes debilitating and potentially lethal side effects with greater frequency than safer alternative methods of birth control.

181.    Defendant ORGANON INTERNATIONAL, INC., breached said express warranties, in that the Product was not safe and fit for its intended use and, in fact, causes debilitating and potentially lethal side effects with greater frequency than the birth control pill.

182.    As a direct and proximate result of Defendant's ORGANON INTERNATIONAL, INC., breach of express warranties, Plaintiff developed thrombic clotting problems, thromboses, embolisms, deep vein thrombosis, and/or pulmonary embolism. Plaintiff has suffered and will continue to suffer injury of a personal and pecuniary nature, including pain and suffering, medical expenses, lost income and disability.

WHEREFORE, the Plaintiff prays for judgment against ORGANON INTERNATIONAL, INC., in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate them for the losses herein alleged.

## COUNT XXIV

## SCHERING-PLOUGH CORPORATION - BREACH OF EXPRESS WARRANTY

183.    Plaintiff repeats and re-alleges the allegations set forth in the paragraphs above as if fully set forth herein.

184.    Defendant SCHERING-PLOUGH CORPORATION expressly warranted that the Product was safe and fit for use by consumers and users, including Plaintiff, for its intended purpose, that it was of merchantable quality, that it did not pose any dangers about what it warned about, and that it was adequately tested and fit for its intended use.

185.    At the time of the making of the express warranties, Defendant SCHERING-PLOUGH CORPORATION knew or should have known of the purpose for which the Product was to be used and warranted the same to be, in all respects, fit, safe, and effective and proper for such purpose.

186.    At the time of the making of the express warranties, Defendant SCHERING-PLOUGH CORPORATION knew or should have known of the purpose for which the Product was to be used and warranted the same to be, in all respects, fit, safe, and effective and proper for such purpose, as birth control pills.

187.    At the time of the making of the express warranties, Defendant SCHERING-PLOUGH CORPORATION knew or should have known that, in fact, said representations and warranties were false, misleading, and untrue in that the Product was not safe and fit for its intended use and, in fact, produces serious injuries to the user.

188.    Members of the medical community, including, but not limited to, Plaintiffs' physicians, reasonably relied upon the skill and judgment of Defendant SCHERING-PLOUGH CORPORATION and upon said express warranties, in prescribing, recommending and/or dispensing the Product.

189.    Defendant SCHERING-PLOUGH CORPORATION expected members of the medical community to rely upon Defendant's SCHERING-PLOUGH CORPORATION express warranties.

190.    Defendant SCHERING-PLOUGH CORPORATION expected Plaintiff to rely upon Defendant's SCHERING-PLOUGH CORPORATION express warranties.

191.    Plaintiff herein relied on the Defendant's SCHERING-PLOUGH CORPORATION express warranties.

192.    Defendant SCHERING-PLOUGH CORPORATION breached said express warranties, in that NuvaRing was not safe and fit for its intended use and, in fact, causes debilitating and potentially lethal side effects with greater frequency than safer alternative methods of birth control.

193.    Defendant SCHERING-PLOUGH CORPORATION breached said express warranties, in that the Product was not safe and fit for its intended use as the birth control and, in fact, causes debilitating and potentially lethal side effects with greater frequency than safer alternative methods of birth control.

194.    Defendant SCHERING-PLOUGH CORPORATION breached said express warranties, in that the Product was not safe and fit for its intended use and, in fact, causes debilitating and potentially lethal side effects with greater frequency than the birth control pill.

195.    As a direct and proximate result of Defendant's SCHERING-PLOUGH CORPORATION breach of express warranties, Plaintiff developed thrombic clotting problems, thomboses, embolisms, deep vein thrombosis, and/or pulmonary embolism. Plaintiff has suffered and will continue to suffer injury of a personal and pecuniary nature, including pain and suffering, medical expenses, lost income and disability.

WHEREFORE, the Plaintiff prays for judgment against SCHERING-PLOUGH CORPORATION in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate them for the losses herein alleged.

## COUNT XXV

## MERCK & CO., INC. - BREACH OF EXPRESS WARRANTY

196.    Plaintiff repeats and re-alleges the allegations set forth in the paragraphs above as if fully set forth herein.

197.    Defendant MERCK & CO., INC., expressly warranted that the Product was safe and fit for use by consumers and users, including Plaintiff, for its intended purpose, that it was of merchantable quality, that it did not pose any dangers about what it warned about, and that it was adequately tested and fit for its intended use. At the time of the making of the express warranties, Defendant MERCK & CO., INC., knew or should have known of the purpose for which the Product was to be used and warranted the same to be, in all respects, fit, safe, and effective and proper for such purpose.

198.    At the time of the making of the express warranties, Defendant MERCK & CO., INC., knew or should have known of the purpose for which the Product was to be used and warranted the same to be, in all respects, fit, safe, and effective and proper for such purpose, as birth control pills.

199.    At the time of the making of the express warranties, Defendant MERCK & CO., INC., knew or should have known that, in fact, said representations and warranties were false, misleading, and untrue in that the Product was not safe and fit for its intended use and, in fact, produces serious injuries to the user.

200.    Members of the medical community, including, but not limited to, Plaintiffs' physicians, reasonably relied upon the skill and judgment of Defendant MERCK & CO., INC., and upon said express warranties, in prescribing, recommending and/or dispensing the Product.

201.    Defendant MERCK & CO., INC., expected members of the medical community to rely upon Defendant's MERCK & CO., INC., express warranties.

202.    Defendant MERCK & CO., INC., expected Plaintiffs and Plaintiffs' Decedents to rely upon Defendant's MERCK & CO., INC., express warranties.

203.    Plaintiffs herein relied on the Defendant's MERCK & CO., INC., express warranties.

204.    Defendant MERCK & CO., INC., breached said express warranties, in that NuvaRing was not safe and fit for its intended use and, in fact, causes debilitating and potentially lethal side effects with greater frequency than safer alternative methods of birth control.

205.    Defendant MERCK & CO., INC., breached said express warranties, in that the Product was not safe and fit for its intended use as the birth control and, in fact, causes debilitating and potentially lethal side effects with greater frequency than safer alternative methods of birth control.

206.    Defendant MERCK & CO., INC., breached said express warranties, in that the Product was not safe and fit for its intended use and, in fact, causes debilitating and potentially lethal side effects with greater frequency than the birth control pill.

207.    As a direct and proximate result of Defendant's MERCK & CO., INC., breach of express warranties, Plaintiff developed thrombic clotting problems, thomboses, embolisms, deep vein thrombosis, and/or pulmonary embolism. Plaintiff has suffered and will continue to suffer

injury of a personal and pecuniary nature, including pain and suffering, medical expenses, lost income and disability.

WHEREFORE, the Plaintiff prays for judgment against MERCK & CO., INC., in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate them for the losses herein alleged.

## COUNT XXVI

## ORGANON USA, INC. - BREACH OF IMPLIED WARRANTIES

208.    Plaintiff repeats and re-alleges the allegations set forth in the paragraphs above as if fully set forth herein.

209.    Defendant ORGANON USA, INC., designed, manufactured, marketed, distributed, supplied and sold the Product for the prevention of pregnancy.

210.    At the time that Defendant ORGANON USA, INC., manufactured, marketed, distributed, supplied, and/or sold the Product, they knew of the use for which the Product was intended and impliedly warranted it to be of merchantable quality and safe and fit for such use.

211.    At the time that Defendant ORGANON USA, INC., manufactured, marketed, distributed, supplied, and/or sold the Product, it knew of the use for which the Product was intended and impliedly warranted it to be of merchantable quality and as safe and fit for such use as birth control.

212.    At the time that Defendant ORGANON USA, INC., manufactured, marketed, distributed, supplied, and/or sold the Product, they knew of the use for which the Product was intended and impliedly warranted it to be of merchantable quality and as safe and fit for such use as other hormonal contraceptives.

213.     Plaintiff, individually and through her prescribing physicians, reasonably relied upon the skill, superior knowledge and judgment of Defendant ORGANON USA, INC.

214.     Plaintiff were prescribed, purchased, and used the Product for its intended purpose.

215.     Due to the Defendant's ORGANON USA, INC., wrongful conduct as alleged herein, Plaintiff could not have known about the nature of the risks and side effects associated with the product until after Plaintiff used it.

216.     Contrary to the implied warranty for the Product, the Product was not of merchantable quality, and was not safe or fit for its intended uses and purposes, as alleged herein.

217.     Contrary to the implied warranty for the Product, the Product was not of merchantable quality, and was not as safe or fit for its intended uses and purposes as the birth control, as alleged herein.

218.     Contrary to the implied warranty for the Product, the Product was not of merchantable quality, and was not as safe or fit for its intended uses and purposes as other hormonal contraceptives, as alleged herein.

219.     As a direct and proximate result of Defendant's ORGANON USA, INC., breach of implied warranties, Plaintiff developed thrombic clotting problems, thomboses, embolisms, deep vein thrombosis, and/or pulmonary embolism. Plaintiff has suffered and will continue to suffer injury of a personal and pecuniary nature, including pain and suffering, medical expenses, lost income and disability.

WHEREFORE, the Plaintiff prays for judgment against ORGANON USA, INC., in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate them for the losses herein alleged.

## COUNT XXVII

## ORGANON PHARMACEUTICAL USA, INC. - BREACH OF IMPLIED WARRANTIES

220.     Plaintiff repeats and re-alleges the allegations set forth in the paragraphs above as if fully set forth herein.

221.     Defendant ORGANON USA, INC., designed, manufactured, marketed, distributed, supplied and sold the Product for the prevention of pregnancy.

222.     At the time that Defendant ORGANON PHARMACEUTICAL USA, INC., manufactured, marketed, distributed, supplied, and/or sold the Product, they knew of the use for which the Product was intended and impliedly warranted it to be of merchantable quality and safe and fit for such use.

223.     At the time that Defendant ORGANON PHARMACEUTICAL USA, INC., manufactured, marketed, distributed, supplied, and/or sold the Product, it knew of the use for which the Product was intended and impliedly warranted it to be of merchantable quality and as safe and fit for such use as birth control.

224.     At the time that Defendant ORGANON PHARMACEUTICAL USA, INC., manufactured, marketed, distributed, supplied, and/or sold the Product, they knew of the use for which the Product was intended and impliedly warranted it to be of merchantable quality and as safe and fit for such use as other hormonal contraceptives.

225.    Plaintiff, individually and through her prescribing physicians, reasonably relied upon the skill, superior knowledge and judgment of Defendant ORGANON PHARMACEUTICAL USA, INC.

226.    Plaintiff were prescribed, purchased, and used the Product for its intended purpose.

227.    Due to the Defendant's ORGANON PHARMACEUTICAL USA, INC., wrongful conduct as alleged herein, Plaintiff could not have known about the nature of the risks and side effects associated with the Product until after Plaintiff used it.

228.    Contrary to the implied warranty for the product, the Product was not of merchantable quality, and was not safe or fit for its intended uses and purposes, as alleged herein.

229.    Contrary to the implied warranty for the product, the Product was not of merchantable quality, and was not as safe or fit for its intended uses and purposes as the birth control, as alleged herein.

230.    Contrary to the implied warranty for the Product, the Product was not of merchantable quality, and was not as safe or fit for its intended uses and purposes as other hormonal contraceptives, as alleged herein.

231.    As a direct and proximate result of Defendant's ORGANON PHARMACEUTICAL USA, INC., breach of implied warranties, Plaintiff developed thrombic clotting problems, thromboses, embolisms, deep vein thrombosis, and/or pulmonary embolism. Plaintiff has suffered and will continue to suffer injury of a personal and pecuniary nature, including pain and suffering, medical expenses, lost income and disability.

WHEREFORE, the Plaintiff prays for judgment against ORGANON PHARMACEUTICAL USA, INC., in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate them for the losses herein alleged.

## COUNT XXVIII

## ORGANON INTERNATIONAL, INC. - BREACH OF IMPLIED WARRANTIES

232.    Plaintiff repeat and re-allege the allegations set forth in the paragraphs above as if fully set forth herein.

233.    Defendant ORGANON INTERNATIONAL, INC., designed, manufactured, marketed, distributed, supplied and sold the Product for the prevention of pregnancy.

234.    At the time that Defendant ORGANON INTERNATIONAL, INC., manufactured, marketed, distributed, supplied, and/or sold the Product, they knew of the use for which the Product was intended and impliedly warranted it to be of merchantable quality and safe and fit for such use.

235.    At the time that Defendant ORGANON INTERNATIONAL, INC., manufactured, marketed, distributed, supplied, and/or sold the Product, it knew of the use for which the Product was intended and impliedly warranted it to be of merchantable quality and as safe and fit for such use as birth control.

236.    At the time that Defendant ORGANON INTERNATIONAL, INC., manufactured, marketed, distributed, supplied, and/or sold the Product, they knew of the use for which the Product was intended and impliedly warranted it to be of merchantable quality and as safe and fit for such use as other hormonal contraceptives.

237.   Plaintiff, individually and through her prescribing physicians, reasonably relied upon the skill, superior knowledge and judgment of Defendant ORGANON INTERNATIONAL, INC.

238.   Plaintiff were prescribed, purchased, and used the Product for its intended purpose.

239.   Due to the Defendant's ORGANON INTERNATIONAL, INC., wrongful conduct as alleged herein, Plaintiff could not have known about the nature of the risks and side effects associated with the product until after Plaintiff used it.

240.   Contrary to the implied warranty for the Product, the Product was not of merchantable quality, and was not safe or fit for its intended uses and purposes, as alleged herein.

241.   Contrary to the implied warranty for the Product, the Product was not of merchantable quality, and was not as safe or fit for its intended uses and purposes as the birth control, as alleged herein.

242.   Contrary to the implied warranty for the Product, the Product was not of merchantable quality, and was not as safe or fit for its intended uses and purposes as other hormonal contraceptives, as alleged herein.

243.   As a direct and proximate result of Defendant's ORGANON INTERNATIONAL, INC., breach of implied warranties, Plaintiff developed thrombic clotting problems, thomboses, embolisms, deep vein thrombosis, and/or pulmonary embolism. Plaintiff has suffered and will continue to suffer injury of a personal and pecuniary nature, including pain and suffering, medical expenses, lost income and disability.

WHEREFORE, the Plaintiff prays for judgment against ORGANON INTERNATIONAL, INC., in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate them for the losses herein alleged.

## COUNT XXIX

## SCHERING-PLOUGH CORPORATION - BREACH OF IMPLIED WARRANTIES

244.    Plaintiff repeats and re-alleges the allegations set forth in the paragraphs above as if fully set forth herein.

245.    Defendant SCHERING-PLOUGH CORPORATION designed, manufactured, marketed, distributed, supplied and sold the Product for the prevention of pregnancy.

246.    At the time that Defendant SCHERING-PLOUGH CORPORATION manufactured, marketed, distributed, supplied, and/or sold the Product, they knew of the use for which the Product was intended and impliedly warranted it to be of merchantable quality and safe and fit for such use.

247.    At the time that Defendant SCHERING-PLOUGH CORPORATION manufactured, marketed, distributed, supplied, and/or sold the Product, it knew of the use for which the Product was intended and impliedly warranted it to be of merchantable quality and as safe and fit for such use as birth control.

248.    At the time that Defendant SCHERING-PLOUGH CORPORATION manufactured, marketed, distributed, supplied, and/or sold the Product, they knew of the use for which the Product was intended and impliedly warranted it to be of merchantable quality and as safe and fit for such use as other hormonal contraceptives.

249.    Plaintiff, individually and through her prescribing physicians, reasonably relied upon the skill, superior knowledge and judgment of Defendant ORGANON USA, INC.

250.   Plaintiff were prescribed, purchased, and used the Product for its intended purpose.

251.   Due to the Defendant's SCHERING-PLOUGH CORPORATION wrongful conduct as alleged herein, Plaintiffs and Plaintiffs' Decedents could not have known about the nature of the risks and side effects associated with the product until after Plaintiff used it.

252.   Contrary to the implied warranty for the Product, the Product was not of merchantable quality, and was not safe or fit for its intended uses and purposes, as alleged herein.

253.   Contrary to the implied warranty for the Product, the Product was not of merchantable quality, and was not as safe or fit for its intended uses and purposes as the birth control, as alleged herein.

254.   Contrary to the implied warranty for the Product, the Product was not of merchantable quality, and was not as safe or fit for its intended uses and purposes as other hormonal contraceptives, as alleged herein.

255.   As a direct and proximate result of Defendant's SCHERING-PLOUGH CORPORATION breach of implied warranties, Plaintiff developed thrombic clotting problems, thromboses, embolisms, deep vein thrombosis, and/or pulmonary embolism. Plaintiffs have suffered and will continue to suffer injury of a personal and pecuniary nature, including pain and suffering, medical expenses, lost income and disability.

WHEREFORE, the Plaintiff prays for judgment against SCHERING-PLOUGH CORPORATION in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate them for the losses herein alleged.

**<u>COUNT XXX</u>**

## MERCK & CO., INC. - BREACH OF IMPLIED WARRANTIES

256.    Plaintiff repeats and re-alleges the allegations set forth in the paragraphs above as if fully set forth herein.

257.    Defendant MERCK & CO., INC., designed, manufactured, marketed, distributed, supplied and sold the Product for the prevention of pregnancy.

258.    At the time that Defendant MERCK & CO., INC., manufactured, marketed, distributed, supplied, and/or sold the Product, they knew of the use for which the Product was intended and impliedly warranted it to be of merchantable quality and safe and fit for such use.

259.    At the time that Defendant MERCK & CO., INC., manufactured, marketed, distributed, supplied, and/or sold the Product, it knew of the use for which the Product was intended and impliedly warranted it to be of merchantable quality and as safe and fit for such use as birth control.

260.    At the time that Defendant MERCK & CO., INC., manufactured, marketed, distributed, supplied, and/or sold the Product, they knew of the use for which the Product was intended and impliedly warranted it to be of merchantable quality and as safe and fit for such use as other hormonal contraceptives.

261.    Plaintiff, individually and through their prescribing physicians, reasonably relied upon the skill, superior knowledge and judgment of Defendant MERCK & CO., INC.

262.    Plaintiff were prescribed, purchased, and used the Product for its intended purpose.

263.    Due to the Defendant's MERCK & CO., INC., wrongful conduct as alleged herein, Plaintiff could not have known about the nature of the risks and side effects associated with the product until after Plaintiff used it.

264.     Contrary to the implied warranty for the Product, the Product was not of merchantable quality, and was not safe or fit for its intended uses and purposes, as alleged herein.

265.     Contrary to the implied warranty for the Product, the Product was not of merchantable quality, and was not as safe or fit for its intended uses and purposes as the birth control, as alleged herein.

266.     Contrary to the implied warranty for the Product, the Product was not of merchantable quality, and was not as safe or fit for its intended uses and purposes as other hormonal contraceptives, as alleged herein.

267.     As a direct and proximate result of Defendant's MERCK & CO., INC., breach of implied warranties, Plaintiff developed thrombic clotting problems, thomboses, embolisms, deep vein thrombosis, and/or pulmonary embolism. Plaintiffs have suffered and will continue to suffer injury of a personal and pecuniary nature, including pain and suffering, medical expenses, lost income and disability.

WHEREFORE, the Plaintiff prays for judgment against MERCK & CO., INC., in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate them for the losses herein alleged.

## COUNT XXXI

## ORGANON USA, INC. - NEGLIGENT MISREPRESENTATION

268.     Plaintiff repeats and re-alleges the allegations set forth in the paragraphs above as if fully set forth herein.

269.   Defendant ORGANON USA, INC., had a duty to represent to the medical and healthcare community and to the Plaintiff, and the public that the Product, had been tested and found to be safe and effective for its intended purpose.

270.   The representations made by Defendant ORGANON USA, INC., were in fact false.

271.   Defendant ORGANON USA, INC., failed to exercise ordinary care in the representation of the Product, while involved in their manufacture, sale, testing, quality assurance, quality control, and/or distribution of the Product into interstate commerce in that the Defendant ORGANON USA, INC., negligently misrepresented the product's high risk of unreasonable, dangerous side effects.

272.   Defendant ORGANON USA, INC., breached their duty in representing the Product's serious side effects to the medical and healthcare community, to the Plaintiff and the public in general.

273.   As a direct and proximate result of Defendant's ORGANON USA, INC., negligent misrepresentation, Plaintiff developed thrombic clotting problems, thomboses, embolisms, deep vein thrombosis, and/or pulmonary embolism. Plaintiff has suffered and will continue to suffer injury of a personal and pecuniary nature, including pain and suffering, medical expenses, lost income and disability.

WHEREFORE, the Plaintiff prays for judgment against ORGANON USA, INC., in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate them for the losses herein alleged.

## COUNT XXXII

## ORGANON PHARMACEUTICAL USA, INC. - NEGLIGENT MISREPRESENTATION

274.    Plaintiff repeats and re-alleges the allegations set forth in the paragraphs above as if fully set forth herein.

275.    Defendant ORGANON PHARMACEUTICAL USA, INC., had a duty to represent to the medical and healthcare community and to the Plaintiff and the public that the Product, had been tested and found to be safe and effective for its intended purpose.

276.    The representations made by Defendant ORGANON PHARMACEUTICAL USA, INC., were in fact false.

277.    Defendant ORGANON PHARMACEUTICAL USA, INC., failed to exercise ordinary care in the representation of the Product, while involved in their manufacture, sale, testing, quality assurance, quality control, and/or distribution of the Product into interstate commerce in that the Defendant ORGANON PHARMACEUTICAL USA, INC., negligently misrepresented the Product's high risk of unreasonable, dangerous side effects.

278.    Defendant ORGANON PHARMACEUTICAL USA, INC., breached their duty in representing the Product's serious side effects to the medical and healthcare community, to the Plaintiff and the public in general.

279.    As a direct and proximate result of Defendant's ORGANON PHARMACEUTICAL USA, INC., negligent misrepresentation, Plaintiff developed thrombic clotting problems, thromboses, embolisms, deep vein thrombosis, and/or pulmonary embolism. Plaintiffs have suffered and will continue to suffer injury of a personal and pecuniary nature, including pain and suffering, medical expenses, lost income and disability.

WHEREFORE, the Plaintiff prays for judgment against ORGANON PHARMACEUTICAL USA, INC., in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate them for the losses herein alleged.

## COUNT XXXIII

## ORGANON INTERNATIONAL, INC. - NEGLIGENT MISREPRESENTATION

280.    Plaintiff repeats and re-alleges the allegations set forth in the paragraphs above as if fully set forth herein.

281.    Defendant ORGANON INTERNATIONAL, INC., had a duty to represent to the medical and healthcare community and to the Plaintiff and the public that the Product, had been tested and found to be safe and effective for its intended purpose.

282.    The representations made by Defendant ORGANON INTERNATIONAL, INC., were in fact false.

283.    Defendant ORGANON INTERNATIONAL, INC., failed to exercise ordinary care in the representation of the Product, while involved in their manufacture, sale, testing, quality assurance, quality control, and/or distribution of the Product into interstate commerce in that the Defendant ORGANON INTERNATIONAL, INC., negligently misrepresented the Product's high risk of unreasonable, dangerous side effects.

284.    Defendant ORGANON INTERNATIONAL, INC., breached their duty in representing the Product's serious side effects to the medical and healthcare community, to the Plaintiff and the public in general.

285.    As a direct and proximate result of Defendant's ORGANON INTERNATIONAL, INC., negligent misrepresentation, Plaintiff developed thrombic clotting problems, thomboses, embolisms, deep vein thrombosis, and/or pulmonary embolism. Plaintiff has suffered and will continue to suffer injury of a personal and pecuniary nature, including pain and suffering, medical expenses, lost income and disability.

WHEREFORE, the Plaintiff prays for judgment against ORGANON INTERNATIONAL, INC., in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate them for the losses herein alleged.

## COUNT XXXIV

## SCHERING-PLOUGH CORPORATION - NEGLIGENT MISREPRESENTATION

286.    Plaintiff repeats and re-alleges the allegations set forth in the paragraphs above as if fully set forth herein.

287.    Defendant SCHERING-PLOUGH CORPORATION had a duty to represent to the medical and healthcare community and to the Plaintiff and the public that the Product, had been tested and found to be safe and effective for its intended purpose.

288.    The representations made by Defendant SCHERING-PLOUGH CORPORATION were in fact false.

289.    Defendant SCHERING-PLOUGH CORPORATION failed to exercise ordinary care in the representation of the Product, while involved in their manufacture, sale, testing, quality assurance, quality control, and/or distribution of the Product into interstate commerce in that the Defendant SCHERING-PLOUGH CORPORATION negligently misrepresented the Product's high risk of unreasonable, dangerous side effects.

290.    Defendant SCHERING-PLOUGH CORPORATION breached their duty in representing the Product's serious side effects to the medical and healthcare community, to the Plaintiffs, Plaintiffs' Decedents and the public in general.

291.    As a direct and proximate result of Defendant's SCHERING-PLOUGH CORPORATION negligent misrepresentation, Plaintiff developed thrombic clotting problems, thromboses, embolisms, deep vein thrombosis, and/or pulmonary embolism. Plaintiffs have

suffered and will continue to suffer injury of a personal and pecuniary nature, including pain and suffering, medical expenses, lost income and disability.

WHEREFORE, the Plaintiff prays for judgment against SCHERING-PLOUGH CORPORATION in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate them for the losses herein alleged.

## COUNT XXXV

## MERCK & CO., INC. - NEGLIGENT MISREPRESENTATION

292.    Plaintiff repeats and re-alleges the allegations set forth in the paragraphs above as if fully set forth herein.

293.    Defendant MERCK & CO., INC., had a duty to represent to the medical and healthcare community and to the Plaintiffs, Plaintiffs' Decedents and the public that the Product, had been tested and found to be safe and effective for its intended purpose.

294.    The representations made by Defendant MERCK & CO., INC., were in fact false.

295.    Defendant MERCK & CO., INC., failed to exercise ordinary care in the representation of the Product, while involved in their manufacture, sale, testing, quality assurance, quality control, and/or distribution of the Product into interstate commerce in that the Defendant MERCK & CO., INC., negligently misrepresented the Product's high risk of unreasonable, dangerous side effects.

296.    Defendant MERCK & CO., INC., breached their duty in representing the product's serious side effects to the medical and healthcare community, to the Plaintiff and the public in general.

297.    As a direct and proximate result of Defendant's MERCK & CO., INC., negligent misrepresentation, Plaintiffs and Plaintiffs' Decedents developed thrombic clotting problems,

thromboses, embolisms, deep vein thrombosis, and/or pulmonary embolism. Plaintiffs have suffered and will continue to suffer injury of a personal and pecuniary nature, including pain and suffering, medical expenses, lost income and disability.

WHEREFORE, the Plaintiff prays for judgment against MERCK & CO., INC., in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate them for the losses herein alleged.

## COUNT XXXVI

## ORGANON USA, INC. - FRAUDULENT MISREPRESENTATION

298.    Plaintiff repeats and re-alleges the allegations of the prior paragraphs as if set forth at length herein.

299.    Defendant ORGANON USA, INC., is engaged in the business of selling the NuvaRing.   By its advertising, labels, or otherwise, ORGANON USA, INC., has made to Plaintiff and the public, a misrepresentation of a material fact concerning the character or quality of the NuvaRing.

300.    Plaintiff justifiably relied on Defendant's ORGANON USA, INC., misrepresentations in purchasing the NuvaRing.

301.    As a direct and proximate result of Defendant's ORGANON USA, INC., fraudulent misrepresentation, Plaintiff developed thrombic clotting problems, thromboses, embolisms, deep vein thrombosis, and/or pulmonary embolism. Plaintiff has suffered and will continue to suffer injury of a personal and pecuniary nature, including pain and suffering, medical expenses, lost income and disability.

WHEREFORE, the Plaintiff prays for judgment against ORGANON USA, INC., in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate them for the losses herein alleged.

## COUNT XXXVII

## ORGANON PHARMACEUTICAL USA, INC. - FRAUDULENT MISREPRESENTATION

302.    Plaintiff repeats and re-alleges the allegations of the prior paragraphs as if set forth at length herein.

303.    Defendant ORGANON PHARMACEUTICAL USA, INC., is engaged in the business of selling the NuvaRing.  By its advertising, labels, or otherwise, ORGANON PHARMACEUTICAL USA, INC., has made to Plaintiff and the public, a misrepresentation of a material fact concerning the character or quality of the NuvaRing.

304.    Plaintiff justifiably relied on Defendant's ORGANON PHARMACEUTICAL USA, INC., misrepresentations in purchasing the NuvaRing.

305.    As a direct and proximate result of Defendant's ORGANON PHARMACEUTICAL USA, INC., fraudulent misrepresentation, Plaintiff developed thrombic clotting problems, thomboses, embolisms, deep vein thrombosis, and/or pulmonary embolism. Plaintiffs have suffered and will continue to suffer injury of a personal and pecuniary nature, including pain and suffering, medical expenses, lost income and disability.

WHEREFORE, the Plaintiff prays for judgment against ORGANON PHARMACEUTICAL USA, INC., in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate them for the losses herein alleged.

## COUNT XXXVIII

**ORGANON INTERNATIONAL, INC. - FRAUDULENT MISREPRESENTATION**

306.    Plaintiff repeats and re-alleges the allegations of the prior paragraphs as if set forth at length herein.

307.    Defendant ORGANON INTERNATIONAL, INC., is engaged in the business of selling the NuvaRing.  By its advertising, labels, or otherwise, ORGANON INTERNATIONAL, INC., has made to Plaintiff and the public, a misrepresentation of a material fact concerning the character or quality of the NuvaRing.

308.    Plaintiff justifiably relied on Defendant's ORGANON INTERNATIONAL, INC., misrepresentations in purchasing the NuvaRing.

309.    As a direct and proximate result of Defendant's ORGANON INTERNATIONAL, INC., fraudulent misrepresentation, Plaintiff developed thrombic clotting problems, thomboses, embolisms, deep vein thrombosis, and/or pulmonary embolism. Plaintiff has suffered and will continue to suffer injury of a personal and pecuniary nature, including pain and suffering, medical expenses, lost income and disability.

WHEREFORE, the Plaintiff prays for judgment against ORGANON INTERNATIONAL, INC., in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate them for the losses herein alleged.

**COUNT XXXIX**

**SCHERING-PLOUGH CORPORATION - FRAUDULENT MISREPRESENTATION**

310.    Plaintiff repeats and re-alleges the allegations of the prior paragraphs as if set forth at length herein.

311.    Defendant SCHERING-PLOUGH CORPORATION is engaged in the business of selling the NuvaRing.  By its advertising, labels, or otherwise, SCHERING-PLOUGH

CORPORATION has made to Plaintiff and the public, a misrepresentation of a material fact concerning the character or quality of the NuvaRing.

312.    Plaintiff    justifiably    relied    on    Defendant's    SCHERING-PLOUGH CORPORATION misrepresentations in purchasing the NuvaRing.

313.    As a direct and proximate result of Defendant's SCHERING-PLOUGH CORPORATION fraudulent misrepresentation, Plaintiff developed thrombic clotting problems, thromboses, embolisms, deep vein thrombosis, and/or pulmonary embolism. Plaintiff have suffered and will continue to suffer injury of a personal and pecuniary nature, including pain and suffering, medical expenses, lost income and disability.

WHEREFORE, the Plaintiff prays for judgment against SCHERING-PLOUGH CORPORATION in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate them for the losses herein alleged.

## COUNT XL

## MERCK & CO, INC. - FRAUDULENT MISREPRESENTATION

314.    Plaintiff repeats and re-alleges the allegations of the prior paragraphs as if set forth at length herein.

315.    Defendant MERCK & CO., INC., is engaged in the business of selling the NuvaRing.  By its advertising, labels, or otherwise, MERCK & CO., INC., has made to Plaintiffs and the public, a misrepresentation of a material fact concerning the character or quality of the NuvaRing.

316.    Plaintiff justifiably relied on Defendant's MERCK & CO., INC., misrepresentations in purchasing the NuvaRing.

317.     As a direct and proximate result of Defendant's MERCK & CO., INC., fraudulent misrepresentation, Plaintiff developed thrombic clotting problems, thomboses, embolisms, deep vein thrombosis, and/or pulmonary embolism. Plaintiff has suffered and will continue to suffer injury of a personal and pecuniary nature, including pain and suffering, medical expenses, lost income and disability.

WHEREFORE, the Plaintiff prays for judgment against MERCK & CO., INC., in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate them for the losses herein alleged.

<u>**COUNT XLI**</u>

<u>**ORGANON USA, INC. - COMMON LAW FRAUD**</u>

318.     Plaintiff repeats and re-alleges the allegations of the prior paragraphs as if set forth at length herein.

319.     Defendant ORGANON USA, INC., made material representations that were false and that were either known to be false when made or were asserted without knowledge of their truth.  Defendant ORGANON USA, INC., had in its possession adverse drug event reports, drug studies, and other documentation about the NuvaRing and yet made the following misrepresentations:

a.     Misrepresentations regarding the frequency of NuvaRing-related adverse event reports or occurrences in the NuvaRing label, package insert or PDR label;

b.     Misrepresentations as to the existence, occurrence and frequency of occurrences, severity and extent of the overall risks of the NuvaRing;

c.     Misrepresentations as to the efficacy of the NuvaRing;

d.      Misrepresentations as to the number of adverse events and deaths reported

with the use of the NuvaRing;

e.      Misrepresentations regarding the nature, seriousness, and severity of

adverse events reported with the use of the NuvaRing.

320.    Defendant ORGANON USA, INC., intended that these misrepresentations be

relied upon by physicians, including Plaintiff physicians, healthcare providers and consumers.

Plaintiff did rely upon the misrepresentations that caused Plaintiff injuries.

321.    Defendant's ORGANON USA, INC., misrepresentations were the proximate

and/or producing cause of Plaintiff injuries.

322.    As a direct and proximate result of Defendant's ORGANON USA, INC.,

fraudulent acts, Plaintiff developed thrombic clotting problems, thomboses, embolisms, deep

vein thrombosis, and/or pulmonary embolism. Plaintiff has suffered and will continue to suffer

injury of a personal and pecuniary nature, including pain and suffering, medical expenses, lost

income and disability.

WHEREFORE, the Plaintiff prays for judgment against ORGANON USA, INC., in such

an amount in excess of this Court's jurisdictional requisite as will fairly and adequately

compensate them for the losses herein alleged.

## COUNT XLII

## ORGANON PHARMACEUTICAL USA, INC. - COMMON LAW FRAUD

323.    Plaintiff repeats and re-alleges the allegations of the prior paragraphs as if set

forth at length herein.

324.    Defendant ORGANON PHARMACEUTICAL USA, INC., made material

representations that were false and that were either known to be false when made or were

asserted without knowledge of their truth.  Defendant ORGANON PHARMACEUTICAL USA, INC., had in its possession adverse drug event reports, drug studies, and other documentation about the NuvaRing and yet made the following misrepresentations:

  a.  Misrepresentations regarding the frequency of NuvaRing-related adverse event reports or occurrences in the NuvaRing label, package insert or PDR label;

  b.  Misrepresentations as to the existence, occurrence and frequency of occurrences, severity and extent of the overall risks of the NuvaRing;

  c.  Misrepresentations as to the efficacy of the NuvaRing;

  d.  Misrepresentations as to the number of adverse events and deaths reported with the use of the NuvaRing;

  e.  Misrepresentations regarding the nature, seriousness, and severity of adverse events reported with the use of the NuvaRing.

325. Defendant ORGANON PHARMACEUTICAL USA, INC., intended that these misrepresentations be relied upon by physicians, including Plaintiff physicians, healthcare providers and consumers.  Plaintiff did rely upon the misrepresentations that caused Plaintiff injuries.

326. Defendant's ORGANON PHARMACEUTICAL USA, INC., misrepresentations were the proximate and/or producing cause of Plaintiff injuries.

327. As a direct and proximate result of Defendant's ORGANON PHARMACEUTICAL USA, INC., fraudulent acts, Plaintiff developed thrombic clotting problems, thromboses, embolisms, deep vein thrombosis, and/or pulmonary embolism. Plaintiff has suffered and will continue to suffer injury of a personal and pecuniary nature, including pain and suffering, medical expenses, lost income and disability.

WHEREFORE, the Plaintiff prays for judgment against ORGANON PHARMACEUTICAL USA, INC., in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate them for the losses herein alleged.

## COUNT XLIII

## ORGANON INTERNATIONAL, INC. - COMMON LAW FRAUD

328.   Plaintiff repeats and re-alleges the allegations of the prior paragraphs as if set forth at length herein.

329.   Defendant ORGANON INTERNATIONAL, INC., made material representations that were false and that were either known to be false when made or were asserted without knowledge of their truth.   Defendant ORGANON INTERNATIONAL, INC., had in its possession adverse drug event reports, drug studies, and other documentation about the NuvaRing and yet made the following misrepresentations:

      a.   Misrepresentations regarding the frequency of NuvaRing-related adverse event reports or occurrences in the NuvaRing label, package insert or PDR label;

      b.   Misrepresentations as to the existence, occurrence and frequency of occurrences, severity and extent of the overall risks of the NuvaRing;

      c.   Misrepresentations as to the efficacy of the NuvaRing;

      d.   Misrepresentations as to the number of adverse events and deaths reported with the use of the NuvaRing;

      e.   Misrepresentations regarding the nature, seriousness, and severity of adverse events reported with the use of the NuvaRing.

330.   Defendant ORGANON INTERNATIONAL, INC., intended that these misrepresentations be relied upon by physicians, including Plaintiffs' physicians, healthcare

providers and consumers.  Plaintiff did rely upon the misrepresentations that caused Plaintiffs' injuries.

331.    Defendant's ORGANON INTERNATIONAL, INC., misrepresentations were the proximate and/or producing cause of Plaintiff injuries.

332.    As a direct and proximate result of Defendant's ORGANON INTERNATIONAL, INC., fraudulent acts, Plaintiff developed thrombic clotting problems, thomboses, embolisms, deep vein thrombosis, and/or pulmonary embolism. Plaintiff has suffered and will continue to suffer injury of a personal and pecuniary nature, including pain and suffering, medical expenses, lost income and disability.

WHEREFORE, the Plaintiff prays for judgment against ORGANON INTERNATIONAL, INC., in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate them for the losses herein alleged.

## COUNT XLIV

## SCHERING-PLOUGH CORPORATION - COMMON LAW FRAUD

333.    Plaintiff repeats and re-alleges the allegations of the prior paragraphs as if set forth at length herein.

334.    Defendant SCHERING-PLOUGH CORPORATION made material representations that were false and that were either known to be false when made or were asserted without knowledge of their truth.  Defendant SCHERING-PLOUGH CORPORATION had in its possession adverse drug event reports, drug studies, and other documentation about the NuvaRing and yet made the following misrepresentations:

       a.    Misrepresentations regarding the frequency of NuvaRing-related adverse event reports or occurrences in the NuvaRing label, package insert or PDR label;

b.      Misrepresentations as to the existence, occurrence and frequency of occurrences, severity and extent of the overall risks of the NuvaRing;

c.      Misrepresentations as to the efficacy of the NuvaRing;

d.      Misrepresentations as to the number of adverse events and deaths reported with the use of the NuvaRing;

e.      Misrepresentations regarding the nature, seriousness, and severity of adverse events reported with the use of the NuvaRing.

335.    Defendant SCHERING-PLOUGH CORPORATION intended that these misrepresentations be relied upon by physicians, including Plaintiffs' physicians, healthcare providers and consumers.  Plaintiff did rely upon the misrepresentations that caused Plaintiffs' injuries.

336.    Defendant's SCHERING-PLOUGH CORPORATION misrepresentations were the proximate and/or producing cause of Plaintiffs' injuries.

337.    As a direct and proximate result of Defendant's SCHERING-PLOUGH CORPORATION fraudulent acts, Plaintiff developed thrombic clotting problems, thomboses, embolisms, deep vein thrombosis, and/or pulmonary embolism. Plaintiff has suffered and will continue to suffer injury of a personal and pecuniary nature, including pain and suffering, medical expenses, lost income and disability.

WHEREFORE, the Plaintiff prays for judgment against SCHERING-PLOUGH CORPORATION in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate them for the losses herein alleged.

## COUNT XLV

## MERCK & CO., INC. - COMMON LAW FRAUD

338.   Plaintiff repeats and re-alleges the allegations of the prior paragraphs as if set forth at length herein.

339.   Defendant MERCK & CO., INC., made material representations that were false and that were either known to be false when made or were asserted without knowledge of their truth.  Defendant MERCK & CO., INC., had in its possession adverse drug event reports, drug studies, and other documentation about the NuvaRing and yet made the following misrepresentations:

a.   Misrepresentations regarding the frequency of NuvaRing-related adverse event reports or occurrences in the NuvaRing label, package insert or PDR label;

b.   Misrepresentations as to the existence, occurrence and frequency of occurrences, severity and extent of the overall risks of the NuvaRing;

c.   Misrepresentations as to the efficacy of the NuvaRing;

d.   Misrepresentations as to the number of adverse events and deaths reported with the use of the NuvaRing;

e.   Misrepresentations regarding the nature, seriousness, and severity of adverse events reported with the use of the NuvaRing.

340.   Defendant MERCK & CO., INC., intended that these misrepresentations be relied upon by physicians, including Plaintiffs' physicians, healthcare providers and consumers. Plaintiff did rely upon the misrepresentations that caused Plaintiffs' injuries.

341.   Defendant's MERCK & CO., INC., misrepresentations were the proximate and/or producing cause of Plaintiffs' injuries.

342.   As a direct and proximate result of Defendant's MERCK & CO., INC., fraudulent acts, Plaintiff developed thrombic clotting problems, thomboses, embolisms, deep vein

thrombosis, and/or pulmonary embolism. Plaintiffs have suffered and will continue to suffer injury of a personal and pecuniary nature, including pain and suffering, medical expenses, lost income and disability.

WHEREFORE, the Plaintiff prays for judgment against MERCK & CO., INC., in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate them for the losses herein alleged.

<u>**COUNT XLVI**</u>

<u>**ORGANON USA, INC. - GROSS NEGLIGENCE/MALICE**</u>

343.    Plaintiff repeats and re-alleges the allegations of the prior paragraphs as if set forth at length herein.

344.    The wrongs done by Defendant ORGANON USA, INC., were aggravated by the kind of malice, fraud, and grossly negligent disregard for the rights of others, the public, and Plaintiff for which the law would allow, and which Plaintiff will seek at the appropriate time under governing law for the imposition of exemplary damages, in that Defendant's ORGANON USA, INC., conduct, including the failure to comply with applicable federal standards; was specifically intended to cause substantial injury to Plaintiff; or when viewed objectively from Defendant's ORGANON USA, INC., standpoint at the time of the conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant ORGANON USA, INC., was actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others; or included a material representation that was false, with Defendant ORGANON USA, INC., knowing that it was false or with reckless disregard as to its truth and as a positive assertion, with

the intent that the representation is acted on by Plaintiff. Plaintiff relied on the representation and suffered injury as a proximate result of this reliance.

345.    Plaintiff therefore will seek to assert claims for exemplary damages at the appropriate time under governing law in an amount within the jurisdictional limits of the Court. Plaintiff also alleges that the acts and omissions of Defendant ORGANON USA, INC., whether taken singularly or in combination with others, constitute gross negligence that proximately caused the injuries to Plaintiff.

WHEREFORE, the Plaintiff prays for exemplary damages against Defendant ORGANON USA, INC., in such an amount that would punish Defendant ORGANON USA, INC., for its conduct and which would deter other manufacturers from engaging in such misconduct in the future.

## COUNT LVI

## ORGANON PHARMACEUTICAL USA, INC. - GROSS NEGLIGENCE/MALICE

346.    Plaintiff repeats and re-alleges the allegations of the prior paragraphs as if set forth at length herein.

347.    The wrongs done by Defendant ORGANON PHARMACEUTICAL USA, INC., were aggravated by the kind of malice, fraud, and grossly negligent disregard for the rights of others, the public, and Plaintiff for which the law would allow, and which Plaintiff will seek at the appropriate time under governing law for the imposition of exemplary damages, in that Defendant's ORGANON PHARMACEUTICAL USA, INC., conduct, including the failure to comply with applicable federal standards; was specifically intended to cause substantial injury to Plaintiff; or when viewed objectively from Defendant's ORGANON PHARMACEUTICAL USA, INC., standpoint at the time of the conduct, involved an extreme degree of risk,

considering the probability and magnitude of the potential harm to others, and Defendant ORGANON PHARMACEUTICAL USA, INC., was actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others; or included a material representation that was false, with Defendant ORGANON PHARMACEUTICAL USA, INC., knowing that it was false or with reckless disregard as to its truth and as a positive assertion, with the intent that the representation is acted on by Plaintiffs and Plaintiffs' Decedents. Plaintiff relied on the representation and suffered injury as a proximate result of this reliance.

348.   Plaintiff therefore will seek to assert claims for exemplary damages at the appropriate time under governing law in an amount within the jurisdictional limits of the Court. Plaintiff also alleges that the acts and omissions of Defendant ORGANON PHARMACEUTICAL USA, INC., whether taken singularly or in combination with others, constitute gross negligence that proximately caused the injuries to Plaintiff.

WHEREFORE, the Plaintiff prays for exemplary damages against Defendant ORGANON PHARMACEUTICAL USA, INC., in such an amount that would punish Defendant ORGANON PHARMACEUTICAL USA, INC., for its conduct and which would deter other manufacturers from engaging in such misconduct in the future.

## COUNT LVII

## ORGANON INTERNATIONAL, INC. - GROSS NEGLIGENCE/MALICE

349.   Plaintiff repeats and re-alleges the allegations of the prior paragraphs as if set forth at length herein.

350.   The wrongs done by Defendant ORGANON INTERNATIONAL, INC., were aggravated by the kind of malice, fraud, and grossly negligent disregard for the rights of others,

the public, and Plaintiff for which the law would allow, and which Plaintiff will seek at the appropriate time under governing law for the imposition of exemplary damages, in that Defendant's ORGANON INTERNATIONAL, INC., conduct, including the failure to comply with applicable federal standards; was specifically intended to cause substantial injury to Plaintiff; or when viewed objectively from Defendant's ORGANON INTERNATIONAL, INC., standpoint at the time of the conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant ORGANON INTERNATIONAL, INC., was actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others; or included a material representation that was false, with Defendant ORGANON INTERNATIONAL, INC., knowing that it was false or with reckless disregard as to its truth and as a positive assertion, with the intent that the representation is acted on by Plaintiff. Plaintiff relied on the representation and suffered injury as a proximate result of this reliance.

351.   Plaintiff therefore will seek to assert claims for exemplary damages at the appropriate time under governing law in an amount within the jurisdictional limits of the Court. Plaintiff also alleges that the acts and omissions of Defendant ORGANON INTERNATIONAL, INC., whether taken singularly or in combination with others, constitute gross negligence that proximately caused the injuries to Plaintiff.

WHEREFORE, the Plaintiff pray for exemplary damages against Defendant ORGANON INTERNATIONAL, INC., in such an amount that would punish Defendant ORGANON INTERNATIONAL, INC., for its conduct and which would deter other manufacturers from engaging in such misconduct in the future.

## **COUNT LVIII**

## <u>SCHERING-PLOUGH CORPORATION - GROSS NEGLIGENCE/MALICE</u>

352.    Plaintiff repeats and re-alleges the allegations of the prior paragraphs as if set forth at length herein.

353.    The wrongs done by Defendant SCHERING-PLOUGH CORPORATION were aggravated by the kind of malice, fraud, and grossly negligent disregard for the rights of others, the public, and Plaintiff for which the law would allow, and which Plaintiff will seek at the appropriate time under governing law for the imposition of exemplary damages, in that Defendant's SCHERING-PLOUGH CORPORATION conduct, including the failure to comply with applicable federal standards; was specifically intended to cause substantial injury to Plaintiffs and Plaintiffs' Decedents; or when viewed objectively from Defendant's SCHERING-PLOUGH CORPORATION standpoint at the time of the conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant SCHERING-PLOUGH CORPORATION was actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others; or included a material representation that was false, with Defendant SCHERING-PLOUGH CORPORATION knowing that it was false or with reckless disregard as to its truth and as a positive assertion, with the intent that the representation is acted on by Plaintiff. Plaintiff relied on the representation and suffered injury as a proximate result of this reliance.

354.    Plaintiff therefore will seek to assert claims for exemplary damages at the appropriate time under governing law in an amount within the jurisdictional limits of the Court. Plaintiff also alleges that the acts and omissions of Defendant SCHERING-PLOUGH CORPORATION whether taken singularly or in combination with others, constitute gross negligence that proximately caused the injuries to Plaintiff.

WHEREFORE, the Plaintiff prays for exemplary damages against Defendant SCHERING-PLOUGH CORPORATION in such an amount that would punish Defendant SCHERING-PLOUGH CORPORATION for its conduct and which would deter other manufacturers from engaging in such misconduct in the future.

## COUNT LIX

## MERCK & CO., INC. - GROSS NEGLIGENCE/MALICE

355.    Plaintiff repeats and re-alleges the allegations of the prior paragraphs as if set forth at length herein.

356.    The wrongs done by Defendant MERCK & CO., INC., were aggravated by the kind of malice, fraud, and grossly negligent disregard for the rights of others, the public, and Plaintiff for which the law would allow, and which Plaintiff will seek at the appropriate time under governing law for the imposition of exemplary damages, in that Defendant's MERCK & CO., INC., conduct, including the failure to comply with applicable federal standards; was specifically intended to cause substantial injury to Plaintiff; or when viewed objectively from Defendant's MERCK & CO., INC., standpoint at the time of the conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant MERCK & CO., INC., was actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others; or included a material representation that was false, with Defendant MERCK & CO., INC., knowing that it was false or with reckless disregard as to its truth and as a positive assertion, with the intent that the representation is acted on by Plaintiff. Plaintiff relied on the representation and suffered injury as a proximate result of this reliance.

357.     Plaintiff therefore will seek to assert claims for exemplary damages at the appropriate time under governing law in an amount within the jurisdictional limits of the Court. Plaintiff also alleges that the acts and omissions of Defendant MERCK & CO., INC., whether taken singularly or in combination with others, constitute gross negligence that proximately caused the injuries to Plaintiff.

WHEREFORE, the Plaintiff prays for exemplary damages against Defendant MERCK & CO., INC., in such an amount that would punish Defendant MERCK & CO., INC., for its conduct and which would deter other manufacturers from engaging in such misconduct in the future.

## COUNT LX

## MERCK & CO., INC. - SUCCESSOR LIABILITY

358.     Plaintiff repeats and re-alleges the allegations of the prior paragraphs as if set forth at length herein.

359.     In or about November 2009, Defendant MERCK & CO., INC., a New Jersey corporation organized, existing and conducting business in the State of New Jersey with its principal place of business at 2000 Galloping Hill Road, Kenilworth, New Jersey 07033 completed the acquisition and merger with Defendant SCHERING-PLOUGH CORPORATION, which included Defendants ORGANON USA, INC., ORGANON PHARMACEUTICAL USA, INC., and ORGANON INTERNATIONAL, INC., and the liabilities and assets associated with NuvaRing.

360.     Upon information and belief, Defendant MERCK & CO., INC., expressly and/or impliedly assumed the liabilities and obligations of Defendants SCHERING-PLOUGH CORPORATION and ORGANON USA, INC., ORGANON PHARMACEUTICAL USA, INC.,

and ORGANON INTERNATIONAL, INC., for the injuries and damages alleged herein resulting from Plaintiffs' use of NuvaRing.

361. Upon information and belief, Defendant MERCK & CO., INC., has continued the business and operation of Defendants SCHERING-PLOUGH CORPORATION, ORGANON USA, INC., ORGANON PHARMACEUTICAL USA, INC., and ORGANON INTERNATIONAL, INC., including, but not necessarily limited to the NuvaRing.

362. Therefore, Defendant MERCK & CO., INC., is liable to Plaintiff for the injuries and damages alleged herein as a successor in interest and/or successor corporation of Defendants SCHERING-PLOUGH CORPORATION, ORGANON USA, INC., ORGANON PHARMACEUTICAL USA, INC., and ORGANON INTERNATIONAL, INC., named herein.

WHEREFORE, the Plaintiff prays for judgment against Defendant MERCK & CO., INC., in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate them for the losses herein alleged and that Defendant MERCK & CO., INC., be found jointly liable as successor-in-interest for all compensatory, exemplary and punitive damages which may be found against one or more of Defendants ORGANON USA, INC., ORGANON PHARMACEUTICAL USA, INC., ORGANON INTERNATIONAL, INC., and SCHERING-PLOUGH CORPORATION.

Respectfully Submitted,


___/s/John J Driscoll_____
John J. Driscoll, 6276464
The Driscoll Firm, P.C.
211 N. Broadway 40th Floor
St. Louis, Missouri 63102
Telephone: (314) 932-3232
Facsimile: (314) 932-3233

**ATTORNEY FOR PLAINTIFF**